JOHN F. SCHUCHERT ET AL.

v.

THE WABASH, CHESTER AND WESTERN RAILROAD COMPANY.

1. EMINENT DOMAIN—PETITION FOR RIGHT TO RUN RAILROAD TRACK IN STREET.—A petition to the common council for the right to construct a railroad track along a public street, is sufficient if presented by owners representing more than one-half of the frontage of so much of the street as was sought to be used for railroad purposes.

2. GENERAL AVERMENT.—An averment that no such petition was filed as the statute requires, is a mere conclusion and not traversable.

ERROR to the Circuit Court of Randolph county; the Hon. WM. H. SNYDER, Judge, presiding. Opinion filed April 14, 1882.

Mr. H. CLAY HORNER, for plaintiff in error; that a railroad constructed and operated in a public street or highway, without legal authority, is *per se* a public and private nuisance, cited Rev. Stat. 1874, Chap. 38, § 221; 1 Redfield on Railways,

305; 2 Redfield on Railways, 372; Wood on Nuisances, § 285; Healy v. J. & C. R. R. Co. 2 Bradwell, 442; J. & C. R. R. Co. v. Healy, 94 Ill. 416; Hickey v. C. & W. Ind. R. R. Co. 6 Bradwell, 176; Met. City R'y Co. v Chicago, 96 Ill. 620.

There being no petition such as the statute requires, the ordinance granting permission is void: Hickey v. C. & W. Ind. R. R. Co. 6 Bradwell, 176; Dillon on Mun. Corp. § 570; Roberts v. Easton, 19 Ohio St. 78; Redfield on Railways, 305.

Being constructed without legal authority, it is a private nuisance as to all who are adjoining lot owners: Hart v. Bassett, Jones, 156; Morely v. Pragnall, Cro. Car. 510; Chechister v. Lethbridge, Willis, 71; Wood on Nuisances, § 621; Pierce v. Dart, 7 Cow. 607; Rex v. Groves, 22 L. T. Rep. 251; Frink v. Lawrence, 20 Conn. 117; Lansing v. Smith, 8 Cow. 151; Frances v. Schoelkopff, 53 N. Y. 162; Solten v. De Held, 9 Eng. L. & Eq. 102; Higbee v. Camden & Amboy R. R. Co. 19 N. J. Ch. 278.

As to continuing nuisances, there can be no adequate remedy at law, and parties complaining may have an injunction: Wood on Nuisances, § 783; Clowes v. N. S. Potteries Co. 8 L. R. 125; Pollit v. Long, 58 Barb. 20; Corning v. Troy Nail Co. 40 N. Y. 191; Met. R. R. Co. v. Chicago, 96 Ill. 620; Wahle v. Reinback, 76 Ill. 322; Minke v. Hopeman, 87 Ill. 450; Dillon on Mun. Corp. § 571; Roberts v. Easton, 19 Ohio St. 78.

If defendant relies upon laches of complainant, it must be set up by answer: Harris v. Cornell, 80 Ill. 54; O'Halloran v. Fitzgerald, 71 Ill. 53; Beach v. Shaw, 57 Ill. 17; Thompson v. Scott, 1 Bradwell, 646; Pierce v. McClellan, 93 Ill. 245; Borders v. Murphy, 78 Ill. 81; Gebhart v. Adams, 23 Ill. 397.

Mr. J. PERRY JOHNSON, for defendant in error; that the construction of a railway along a public street is not *per se* a nuisance, cited New Albany v. O'Darly, 12 Ind. 551; Drake v. Hudson, 7 Barb. 508; Osborne v. Brooklyn, 5 Blatch. 366; Milhan v. Sharp, 15 Barb. 193.

To warrant the issue of an injunction, complainants must show irreparable injury: Fort v. Graves, 29 Ind. 188; Goodell v. Lassen, 69 Ill. 145; Wahle v. Reinback, 76 Ill. 322.

Schuchert v. W. C. & W. R. R. Co.

A person seeking the aid of equity to restrain a private nui-sance, must first establish his right at law: Mayor v. Curtis, Clarke Ch. 536; Rhea v. Forsythe, 37 Pa. St. 503; Arnold v. Klepper, 24 Mo. 273; Porter v. Witham, 17 Me. 392; Van Bergen v. Van Bergen, 3 Johns. Ch. 282; McClem v. Iker, 12 Ohio, 387.

Equity will not interfere when there is a clear remedy at law: Van Hoozier v. H. & St. Jo. R. R. Co. 70 Mo. 145; De-catur v. Howell, 92 Ill. 19; Frendenslein v. Heine, 6 Mo. 287; Dickson v. C. R. I. & P. R. R. Co. 71 Mo. 579; K. P. R. R. Co. v. Millman, 17 Kan. 224; Morris v. Ryerson, 27 N. J. Law, 457; Cumberland v. Hitchings, 65 Me. 140.

When complainant has been guilty of great laches, equity will not interfere: Tichenor v. Wilson, 4 Halst. 197; Dana v. Valentine 5 Met. 8; Weller v. Sweaton, 1 Cox, 102; Reed v. Gifford, 6 Johns. Ch. 19; Burns v. Calhoun, 2 Ired. Eq. 199; Attorney-general v. Perkins, 2 Dev. Eq. 38.

PER CURIAM. The bill does not aver that there was no pe-tition of property owners representing more than one-half of so much of the street as was sought to be used for railroad purposes.

The averment is that there was no petition of property owners representing more than one-half of the frontage of said front on Water street. See Record, pages 6 and 7.

It does not appear that the road was laid along the entire length of the street, and unless this was the case the petition of property owners representing more than one-half of the frontage of the whole street would not be necessary. A petition by those representing more than one-half of the frontage of so much of the street as was sought to be used for railroad purposes would be sufficient.

The bill does aver that there was no such petition as the statute requires, and that the action of the council was without warrant or authority in law whatever; but these are mere con-clusions, and are not traversable. For this reason, aside from the other questions presented and discussed, we think the demurrer was properly sustained, and the decree is therefore affirmed.

Affirmed.