## West End Athletic Association et al., Appellees, v. S. B. Geiger et al., Appellants.

### Gen. No. 14,383.

1. INJUNCTION—*what essential to issuance of temporary.* In order properly to issue a temporary injunction the bill of complaint must show by appropriate averments of facts that the plaintiff is entitled to the relief sought.

2. CHANCERY PLEADING—*what mere conclusions of pleader.* To allege that a corporate election is void as contrary to the by-laws, etc., is merely to state a conclusion; such a conclusion does not justify the granting of relief by injunction.

Bill for injunction. Appeal from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1907. Reversed. Opinion filed April 3, 1908.

P. W. SULLIVAN and WILLIS MELVILLE, for appellants.

WILLIAM A. DOYLE, for appellees.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

This is an appeal by the defendants from an interlocutory order for a temporary injunction restraining them from holding a meeting of the board of directors of the said West End Athletic Association at a certain

time and place, or at any other time or place, and from in any way representing said association or holding themselves out as directors thereof, and from selling or disposing of five shares of the capital stock of said association styled in the bill "treasury stock," and from acting or pretending to act as directors or officers of said association.

The bill alleges that said association is a corporation organized under the laws of this state to conduct athletic sports, and especially baseball, and that it is the lessees of a certain ball park in Chicago; that the capital stock of said corporation consists of twenty-five shares; that complainant Lyman is the holder of one share, and gives a list of the other stockholders and the number of shares held by each.

It then avers that "the defendants herein conspired and confederated together to get control of the association, and to that end pretended to elect themselves as officers and directors of the association, and have intruded themselves into the said offices and have been and are trying to control and manage the affairs of the association; but complainants charge that the said pretended election was wholly void and of no effect, as being contrary to the by-laws of said association and to the laws of the State of Illinois in such case made and provided, and complainants charge that the defendants never were elected directors and officers of said corporation."

"It is the province of pleading to state facts and not conclusions." To entitle the complainants to the temporary injunction prayed for in their bill, their bill must state facts from which the court can see and declare that they are entitled to such injunction. No by-law of the corporation is set out in the bill, no facts therein averred in relation to the election. The averments, "that the said pretended election was wholly void as being contrary to the by-laws of said association and to the laws of the state, and that said defendants were never elected directors and officers

of the corporation," are not averments of facts, but statements by the pleader of legal conclusions without stating the facts upon which the conclusions are predicated, and are clearly insufficient. Schuchert v. W. C. & W. R. R. Co., 10 Ill. App. 397; Thompson v. Moxey, 47 N. J. Eq. 538; Goldsby v. Goldsby, 67 Ala. 560.

The averments of the bill in relation to the proposed meeting of the board of directors are that the notice of such meeting is void, because contrary to the by-laws, but no by-law is set out in the bill; because the defendants are not officers or directors of the corporation, which, as has been said, is only a statement of a legal conclusion; and because the place of meeting stated in the notice is the ball park of which the bill alleges the association is lessee, and previous meetings had been held at another place, but no fact is stated to show that such meeting of the directors might not properly be called and held at the West End Ball Park.

A careful examination of the bill leads us to the conclusion that the facts alleged therein are clearly insufficient to entitle the complainants to the temporary injunction which was ordered to be issued, and the order appealed from will therefore be reversed.

*Order reversed.*