## Lyon, *et als.* v. Lorant & Krebs, adm'rs.

1. In a suit in Chancery, in which the corporation of the city of Mobile is defendant, a service of the subpœna on the Mayor of the city would be sufficient; but the return of the sheriff, that he had executed it on H. Chamberlaine, Mayor of the city of Mobile, is not proof that Chamberlaine is the Mayor.

Error to the Chancery Court at Mobile.

THIS was a bill in chancery, filed by the defendants in error, against James G. Lyon, Samuel H. Garrow, and the Mayor and Aldermen of the city of Mobile, praying the foreclosure of a mortgage. The sheriff returned on the *subpœna*, that he had served it on Lyon & Garrow and H. Chamberlaine, Esq. Mayor, for the Mayor and Aldermen of the city of Mobile.—The defendants failing to appear, a judgment *pro confesso*, was entered, and upon the report of the master, a decree of foreclosure, and sale of the premises was decreed. From which the defendants prosecute this writ of error, and assign for er-

ror, that there is no proof in the record that H. Chamberlaine is Mayor of the city of Mobile, and therefore, the Mayor and Aldermen of the city of Mobile, were not before the Court.

CAMPBELL, for the plaintiff in error.

DUNN, contra.

ORMOND, J.—The objection to the decree is, that it is founded on a *decree pro confesso,* for a failure to answer the bill, and that there is no evidence in the record, that the Mayor and Aldermen of the city of Mobile, who are parties to the bill, and against whom there is a decree, had notice of the proceeding by service of *subpœna.* The only evidence that they were so served with *subpœna,* is the return of the sheriff that it was executed by leaving a copy of the bill with H. Chamberlaine, Esq. Mayor, for the Mayor and Aldermen of the city of Mobile.

In the case of Walker v. Hallett, 1 Ala. Rep. N. S. 379, we held, that when a Bank was a party defendant to a bill, service of the *subpœna* on its President, would be notice to the corporation, of the pendency of the suit. So there can be no doubt that the *subpœna* in this case might have been executed on the Mayor of the city, as its executive officer. It does not, however, appear from the record, who is the Mayor, except from the return of the sheriffs, which cannot be considered evidence of that fact, but as the corporation did not appear to conclude its rights by affecting it with notice, it should have been proved, that the person on whom the process was served, was the Mayor of the city.

The decree made in the case, affects the interests of the corporation, and as it has not appeared, the necessary proof must be made to show that it has been cited to appear. For this error, the decree must be reversed, and the cause remanded.