## WETUMPKA AND COOSA R. R. COMPANY v. COLE.

1. Where process against a corporation is returned as served upon one being president of the corporation, it is necessary that proof of his official character should be made to the court, and so appear on the record, to sustain a judgment by default.

WRIT of error to the Circuit Court of Autauga County.

GOLDTHWAITE, J.—The only matter assigned for error, is, that a judgment by default was rendered, and the record does not show that the defendant (the Rail Road Co.) was before the court by service of process or by voluntary appearance. The sheriff's return is, that the writ was served on John Duncan as the president of the corporation; but there is no proof in the record, that he sustains that relation to the company.

It was held in the Planters' and Merchants' Bank of Huntsville v. Walker, [Minor, 391,] that the sheriff's return of service upon one as cashier, was not sufficient to sustain a judgment by default, without proof that he was such officer. The practice thus settled at an early day, has never, that we are aware of, been departed from. In a more recent case, [Lyon v. Lorant. 3 Ala. Rep. 151,] the same rule was applied, where the return was of service upon one as the mayor of a municipal corporation; and a decree in chancery was reversed, because there was no proof in the record, that this person was the officer the return represented him to be.

The judgment must be reversed, for the omission to show upon the record, that the person served with process, was at the time, the accredited officer of the corporation.

Reversed and remanded.