## TALLADEGA INSURANCE CO. *vs.* McCULLOUGH.

[JUDGMENT BY DEFAULT—SERVICE.]

1. *Suits against corporation; proof of service.*—In suit against a corporation, it is error to render judgment by default, without proof that the person served with the summons and complaint, occupied such a relation to the defendant that the defendant could legally be made a party by service on such person.

APPEAL from the Circuit Court of Talladega.
Tried before Hon. JOHN HENDERSON.

THE appellee instituted his suit against the appellant, a corporation, on the 15th day of December, 1865. The sheriff made the following endorsement on the summons and complaint: "Received in office, 15th day of December, 1865, and executed 16th day of December, 1865, on James G. L. Huey, secretary of the defendant, by handing him a copy of the within." At the fall term, 1866, there was a judgment by default against the defendant. It appeals from this judgment and assigns the following errors : 1. The judgment is rendered without jurisdiction of the defendant. 2. There is no service of the summons and complaint on the defendant. 3. There is no service of process, ascertained by the court, by ascertaining the relation of the person served to the defendant. 4. There is no waiver of service by appearance, plea, or otherwise. 5. The court did not acquire jurisdiction of the defendant, in any mode known to the law.

JOHN T. HEFLIN, for appellant.

1. The defendant is sued as a corporation, and the plaintiff endeavored to give the court jurisdiction of the person of the defendant, by service of the summons and complaint on James G. L. Huey, secretary of defendant, as provided by the Code.—*Vide* Revised Code, § 2568. This section provides that, *when the suit is against a corporation, the summons may be executed by the delivery of a copy of the summons and complaint to the president or other head thereof, secretary, cashier, or managing agent thereof.*

To sustain a judgment against a corporation when service is made on a person named in the return as an officer or agent of the corporation, it is necessary that the court ascertain the relation of the person served to the corporation, and that the same appear on the record.— *Bank vs. Walker*, Minor, 391 ; *Lyon vs. Lorant*, 3 Ala. 351 ; *Wetumpka & C. R. R. Co. vs. Cole*, 6 Ala. 655 ; *the Oxford Iron Co. vs. Spradley* ; *the Southern Express Co. vs. Carrol*, in manuscript.

BYRD, J.—It was erroneous to render judgment by default without making the proof of service of the summons and complaint in accordance with the rule laid down in the cases cited.—*Bank vs. Walker*, Minor, 391 ; *Lyon vs. Lorant*, 3 Ala. 151 ; *Wetumpka & C. R. R. Co. vs. Cole*, 6 Ala. 655 ; *the Oxford Iron Works vs. Spradley*, in manuscript.

Reversed and remanded.