## MONTGOMERY & EUFAULA RAIL ROAD COMPANY *vs.* HARTWELL.

[GARNISHMENT OF CORPORATION ; JUDGMENT NISI ; SERVICE.]

1. *Judgment nisi against corporation ; when can not be sustained.*—A judgment *nisi* in proceedings by garnishment against a rail road company, and a judgment final thereon against such company, can not be sustained unless they show in the record of such judgments, that the court had satisfactory evidence that the person upon whom such garnishment and notice of the judgment *nisi* were served, was the president of such rail road company at the time of such service, when there is no appearance on behalf of said company.

2. *Garnishment, service of ; what, insufficient to authorize judgment nisi.*— The service of a garnishment against a rail road company, returned in these words : "Served on the Montgomery & Eufaula Rail Road Company, the garnishee, by leaving a copy of the garnishment with Lewis Owen, president of said road," is insufficient to authorize a judgment *nisi* on failure to answer, against said company, at the time of said service, if there is no appearance for said company ; and this proof must be made a part of the record of the judgment.

3. *Same ; what insufficient to sustain judgment final.*—The service of notice of such judgment *nisi*, in these words : "Executed by leaving a copy of the within with Lewis Owen, president of the Montgomery & Eufaula Rail Road Company, this 4th day of May, 1868," is insufficient to sustain a judgment final on said judgment *nisi*, on failure to answer, without proof that Owen was such president, at the date of service.

APPEAL from the City Court of Montgomery.

Tried before the Hon. THOMAS M. ARRINGTON.

The opinion contains the facts of the case.

WATTS & TROY, for appellant.—1. Neither the judgment *nisi*, nor judgment *final*, against the garnishee, shows that any proof was made that Lewis Owen, on whom (by sheriff's return) the garnishment and *sci. fa.* appear to have been served, was President of the Montgomery & Eufaula Rail Road Company. It does not appear, judicially, that the appellant was ever legally brought into court.—*See Express Co. v. Carroll*, decided at the January term, 1868; *Oxford Iron Co. v. Spradly*, decided 26th February, 1868, (opinion by Judge A. J. Walker;) *Talladega Insurance Co. v. McCullough*, decided at same term, (opinion by Justice Byrd.) These cases, with the numerous cases decided at an early day in Alabama, cited in the above opinions, are conclusive of every question arising in this case.—*Wetumpka & Coosa R. R. Co. v. Cole*, 6 Ala. 655, 3 Ala. 98, and 3 Ala. 276.

2. The recitals in the record are wholly insufficient, there having been no appearance for the appellant in the court below.—See *Hanson & Moore v. Patterson et al.*, 17 Ala. 738; *Hartley et al. v. Bloodgood*, 16 Ala. 238.

WALKER, MURPHEY & WINTER, *contra.*—1. Sections 2895, 2896 and 2897 show that private corporations are subject to garnishment by service upon the treasurer, or the person having in his custody its funds. The judgment *nisi* recites that the garnishment was duly executed. The judgment final, recites that it appeared to the court, that the garnishment was duly executed and returned according to law. It must be presumed in favor of the judgment of the court below, that the garnishment was legally executed, and that the officer upon whom it was served, was the custodian of the funds of the corporation. The same presumption must be indulged in reference to the service of the *scire facias* or *rule nisi*, as to which there is a similar recital.—*Aaron & Ely v. State*, 39 Ala. 684.

2. It is submitted, that the recitals in this case are different from any of those found in the cases cited in the brief of appellant's counsel. A critical examination of the

returns of the sheriff, and the recitals of the court in reference to them, will show that it was proved that Lewis Owen was the president of the railroad company. The recital shows that it appeared to the court, that the process was duly and legally executed by service upon Lewis Owen, the president. Now, this includes and involves an assertion that Lewis Owen was the president. This being the case, the service is sufficient.

PETERS, J.—The record shows that the appellee, Hartwell, sued Spratt & Co., in the city court of Montgomery, in this State, by summons and complaint, in 1867, and at the same time sued out a garnishment against the Montgomery & Eufaula Railroad Company, under the provisions of the act, entitled "An act to amend § 2471 of the Code," approved February 5, 1858, which was made returnable at the same time the summons and complaint is returnable in the original case against Spratt & Co. This garnishment is returned and indorsed by the sheriff: "Served on the Montgomery & Eufaula Railroad Company, the garnishee, by leaving a copy of this garnishment with Lewis Owen, president of said road."—Pamphlet Acts, 1857–58, p. 36, No. 34.

The railroad company failed to answer said garnishment, at the return term of the court to which the same was made returnable, and a judgment *nisi* was rendered by the court against said railroad company, as such garnishee, for the sum of two hundred and ninety 30-100 dollars, with interest from the 12th day of October, 1867, and costs, together with the costs of the garnishment. It appears that the sum above named, was the amount of the judgment obtained by Hartwell against Spratt & Co., in said original suit, which was rendered on the 12th day of October, 1867, and the costs were the costs of said original suit. Notice of this judgment *nisi* was regularly issued by the clerk of said city court, and served on said railroad company, and returned in the following words : "Executed by leaving a copy of the within with Lewis Owen, president of the Montgomery & Eufaula Railroad Company, this 4th

day of May, 1868." On the return of this notice, the said company failed to file any answer to said garnishment, as required by law, and the said judgment *nisi* against it was made final and absolute. This judgment appears to be entirely regular. From this judgment, said company appealed to this court, and here insists that the judgment *nisi* and the judgment final, were insufficient, because it does not appear that there was any proof that Lewis Owen, on whom the garnishment and *sci. fa.* are alleged to have been served, was the president of said railroad company at the time of said alleged service.

This omission to show in the judgment below, that it was proven to the satisfaction of the court, that said Lewis Owen was the president of said railroad company at the time of the service of said garnishment and *sci. fa.* upon him, is a fatal defect, for which the judgment must be reversed. This practice has been so long sanctioned by this court, that it is not now open to dispute.—*The Planters' & Merchants' Bank of Huntsville v. James B. Walker*, Min. R. 391 ; *Lyon et al. v. Lorant et al.*, 3 Ala. 151 ; *Walker v. Hallett*, 1 Ala. 379 ; *Wetumpka & Coosa R. R. Co. v. Cole*, 6 Ala. 655 ; *Southern Express Co. v. Harrell*, manuscript, January term, 1868 ; *Talladega Insurance Co. v. McCullough*, June term, 1868 ; *Oxford Iron Co. v. Spradly*, January term, 1868.

Let the judgment of the circuit court be reversed, and the cause be remanded.