# OXFORD IRON COMPANY *vs.* QUINCHETT.

[ACTION FOR BREACH OF INDEPENDENT COVRNANT.]

1. *Deposition; when will be suppressed.*—A deposition, taken on interrogatories, without giving the adverse party the notice required by section 2718 of the Revised Code, will be suppressed, unless it be shown that the party to whom notice is required to be given, under the provision of said section, resides out of, or is absent from, the county. If the adverse party be a corporation, then it must be shown that the domicil or place of business of the body corporate is not in the county, and that it has no officer, or agent or attorney of record, within the county, to whom notice may be given.

2. *Same; motion to suppress, when in time.*—A motion to suppress a deposition so taken, is in time if, made after the parties have announced themselves ready for trial, but before the trial is in fact commenced.

3. *Deposition, taking of; when irregular, what will not cure irregularity of.* It is irregular for the plaintiff to take a deposition in a cause before the defendant is in court, by the service of process on him personally, or by the attachment of his estate, or in some other legal way; and such irregularity will not be cured by a subsequent voluntary appearance.

4. *Contract, made during rebellion; what, is void and contrary to public policy.*—A contract made during the late rebellion, to loan or hire mules to a party, known at the time to be engaged in the manufacture of iron, for the late Confederate government, with a knowledge on the part of the bailor that said mules are borrowed or hired of him to be employed in the manufacture of iron for said Confederate government, to be used for military purposes in carrying on said rebellion against the United States, is in violation of public policy and void, and no action can be maintained thereon.

5. *Same; what does not deprive owner of property of.*—Notwithstanding the illegality of such contract, the owner of the mules, in a proper action, may recover the mules, if in possession of the bailee, or their value if he has converted them to his own use.

6. *Quere.*—Whether, under the evidence in this case, the mules, by the contract of hire, having become lawful subjects of prize and capture, it would not be a good defense to an action for their recovery, that while employed in the unlawful business, they were captured and carried off by the forces of the United States?

APPEAL from the Circuit Court of Calhoun.
Tried before Hon. W. L. WHITLOCK.

This was an action, by the appellee, Quinchett, against

the appellant, the Oxford Iron Company, to recover damages for the breach of an independent covenant or agreement, in not delivering to the appellee certain mules loaned or hired to the Oxford Iron Company in the year 1864.

The facts in relation to the motion to suppress the deposition of the appellee, Quinchett, and the evidence in relation to the loan or hiring of the mules, are sufficiently set out in the opinion.

JOHN T. HEFLIN, for appellant.

A. J. WALKER, contra.

PECK, C. J.—The deposition of the appellee, the plaintiff below, should have been suppressed.

The suit was commenced in August, 1866. The summons was issued against the appellant, as a body corporate.

The return of the sheriff is in the following words, to-wit: "Executed by serving a copy on E. G. Robinson, agent of the defendant."

There is no evidence in the record, in addition to the sheriff's return, that said Robinson was the defendant's agent.

The cause was put upon the docket at the fall term, 1866, and was continued, from term to term, until the March term of the court, 1869, when the defendant appeared by attorney, and pleaded—1st. *Nul tiel* corporation ; 2d. The general issue, with leave to give any matter in evidence that might be specially pleaded.

On the 3d day of February, 1869, before any appearance had been entered, the plaintiff filed with the clerk an affidavit and interrogatories to take his own deposition, on the ground that he resided out of the State, without stating where his residence was.

No notice in writing, or otherwise, was given to the defendant, or to any officer or agent of the company, or to any attorney of the defendant, of the filing of said interrogatories ; nor is there any evidence in the record, that the defendant's domicil or place of business was not in the county, or that there was no officer or agent of the com-

pany in the county, or that there was no attorney of record within the county.

On the 15th day of said month of February, a commission was issued, and on the 22d day of March following, the answers of the plaintiff to said interrogatories were taken in Memphis, Tennessee.

After the parties had announced themselves ready for trial, but before its commencement, the defendant moved the court to suppress the said deposition of the plaintiff, for the following, among other reasons, to-wit : That the court had not acquired jurisdiction of the defendant, when the said deposition was taken ; that the defendant was not in court, by the service of process, appearance, plea or otherwise, when the deposition was taken ; and that the deposition was irregularly taken, and without notice to the defendant, as required by law.

The court overruled the defendant's motion, and refused to suppress said deposition ; and it was read in evidence, by the plaintiff on the trial, and the defendant excepted.

Where a party takes his own deposition, to be used on the trial of a cause, in his own behalf, he must be careful to comply strictly with the requirements of the law, that permits his deposition to be taken for that purpose, or it should be suppressed, on the objection of the adverse party.

Any other rule may, and we think will, lead to great injustice.

The policy of permitting a party to be a witness in his own case is, to say the least of it, a novelty ; and it is to be feared will, in many cases, give to unscrupulous suitors, a great and an unjust advantage over conscientious parties.

Where the evidence is obtained by deposition, and there is no opportunity for a cross-examination, in the presence of the court, this may, perhaps, to some extent, be prevented, by requiring a strict observance of the law in such cases.

In the present case, the defendant has had no opportunity whatever to cross-examine the plaintiff, and for this reason alone, the deposition should have been suppressed.

32

If the service of the summons on the said Robinson, as the agent of the corporation defendant, was sufficient to bring the defendant into court, then it was sufficient to have required the plaintiff to give him notice of the filing of his interrogatories ; or to excuse his neglect, he should have shown, that he was not in the county, or had ceased to be agent, and that defendant's domicil, or place of business, was not in the county, and that there was no attorney of record, or officer, or agent, of the company, in the county, to whom notice could be given.

The fact that the defendant was sued as a corporation, does not change the principle, nor justify the course pursued by the plaintiff ; but is a reason why the rules of practice on the subject of taking depositions should be the more rigidly enforced.

If the person on whom the summons was served, was such an agent of the corporate body as authorized the service to be made on him, then, the notice of the filing of the interrogatories might have been given to him, or, to any other agent or officer of the company upon whom the summons might have been legally served.

But, it is well settled by the decisions of this court, that the service of the summons, as it appears by the return of the sheriff, without other proof, was altogether insufficient to bring the defendant into court, and any judgment that might have been rendered on that service alone, would have been erroneous.—*Planters and Merchants Bank of Huntsville v. Walker*, Minor's Rep. 391 ; *Lyon et al. v. Lorant & Krebbs, Adm'rs*, 3 Ala. 151 ; *Montgomery & Eufaula R. R. Co. v. Hartwell*, 43 Ala. 508 ; *Wetumpka & Coosa R. R. Co. v. Cole*, 6 Ala. 655 ; Rev. Code, §§ 2568, 3569.

We also hold it irregular for a plaintiff to take a deposition until the defendant is in court, by service of process on him personally, or by the attachment of his estate, or in some other legal way ; and such an irregularity will not be cured by the subsequent voluntary appearance of the defendant.

The motion to suppress this deposition was made in time. In the case of *Bryant v. Ingraham*, (16 Ala. 116,) it is decided that where a deposition is regularly taken, but under

circumstances which show that injustice may be done by using it, the court may, in its discretion, suppress it, but should not, unless a motion for that purpose is made, before it is offered in evidence ; but if it be not regularly taken, it is illegal evidence, and must be rejected when offered, if objected to.

For the error in refusing to suppress this deposition, the judgment must be reversed, and the cause remanded for another trial.

There is an important question made on the record, that will, no doubt, arise on another trial—a question in which the validity of the contract, the foundation of the action, is involved, and for that reason, it is better to have it now decided.

The evidence set out in the bill of exceptions tends to show, and, if believed, we ‚think does show, that the defendant, at the time the contract was made, was engaged in manufacturing iron for the Confederate States, to be used by said Confederate States for military purposes, in prosecuting the rebellion then being carried on against the government of the United States, and that defendant wanted the mules named in the contract set out in the complaint, to be employed in the business in which defendant was so engaged, and that the plaintiff, at the time of making said contract, and when the mules were delivered to the defendant under it, knew that defendant wanted said mules, and contracted for them to be used and employed in the manufacturing of iron for the purposes aforesaid, and that plaintiff also knew the purpose for which the iron, so to be manufactured by defendant, was to be used during the time defendant might have said mules in his possession under said contract.

We have no hesitation in pronouncing said contract unlawful and illegal, if made under the circumstances and for the purposes which the evidence, if true, tends to prove. If it did not constitute an act of treason, it was clearly traitorous in its character, in violation of public policy, and, therefore, void.

All the parties to it were alike guilty, and the courts will not permit either party to maintain an action on such a

contract. *Ex turpi causa non oritur actio.* No right of action can spring out of an illegal contract.—Broom's Legal Maxims, 704; *Blackford v. Preston,* 8 T. R. 93. The courts will not assist in giving effect to contracts which are expressly, or by implication, forbidden by law, or which are contrary to justice, morality, or sound policy.

" The defendant asked the court to charge the jury, that if they believed from the evidence that at the time the plaintiff agreed with the defendant for the use of the mules, and when the mules were delivered to the defendant, the plaintiff knew that the defendant was engaged in the manufacture of iron for the Confederate government, and wanted the mules to use in the manufacture of iron for the Confederate government, to be used by the Confederate government in carrying on the war then existing between the Confederate government and the United States, the plaintiff could not recover." It seems to us this charge should have been given.

We do not intend, however, to be understood, that in a proper action the mules themselves, or their value, may not be recovered. The unlawful contract did not divest the plaintiff of his property, and if the mules remain in the defendant's possession, or if he has disposed of them, or converted them to his own use, he is, undoubtedly, bound to restore them to the plaintiff, or account for their value; but if, while in the defendant's possession, they were captured by the forces of the United States, and thus lost to both parties, we strongly incline to the opinion, that under the evidence in this case, if true, no action can be maintained against the defendant for the recovery of their value. If the plaintiff, by his agreement and voluntary act, placed the mules in the defendant's possession to be employed in an unlawful business—a business that rendered them the lawful subjects of capture and prize—then he must bear the loss that has followed and resulted from his unlawful conduct.

The judgment of the court below is reversed, and the cause is remanded for a new trial. The appellee will pay the costs of this court and of the court below.