# Memphis & Charleston Railroad Co. *v.* Whorley.

*Garnishment on Judgment; Amendment of Judgment nunc pro tunc.*

1. *Amendment of judgment against garnishee, nunc pro tunc, by reciting judgment against defendant.*—Re-affirming the decision made in this case at the last term, the court holds that, in the entry of a final judgment against a garnishee, it is the duty of the clerk to make it recite the fact and amount of the original judgment against the debtor; and that his failure to do so is a clerical error, which may be corrected by amendment, *nunc pro tunc*, at a subsequent term.

2. *Same; when appeal lies.*—Although the rendition or amendment of a judgment *nunc pro tunc* is the correction of a mere clerical error or misprision, an appeal lies from the order or judgment allowing it.

3. *Judgment against corporation; service of process on agent, or answer as garnishee by agent.*—A judgment by default against a corporation

[Memphis & Charleston R. R. Co. v. Whorley.]

must show that proof was made of the agency of the person upon whom the process was served; and by statutory provision (Code, § 3222),. an answer for a corporation as garnishee can not be made by any person, "unless he shall make affidavit that he is the duly authorized agent of such corporation to make such answer."

4. *Same; waiver of defective service or answer by appearance.*—Although the answer of the agent is not accompanied with the prescribed affidavit, the defect is waived by the subsequent appearance of the corporation, recognizing his authority to answer for it; and the recitals of the record in this case, as to the appearance of the parties by attorney, and continuances by consent, affirmatively show such appearance by the corporation.

APPEALS from the Circuit Court of Limestone.

Tried before the Hon. H. C. SPEAKE.

These two appeals are parts of one and the same case, and were argued and submitted together. The records show that, at the April term of said Circuit Court, 1874, a judgment by default was rendered in favor of J. & L. Whorley, suing as partners, against William Greet, and a writ of inquiry as to damages was awarded; and on the execution of the writ, at the next term, the damages were assessed at $195.47. On the 29th September, 1877, a garnishment was sued out on this judgment against the Memphis & Charleston Railroad Company, as the debtor of said Greet; and the writ was returned by the sheriff, "Executed by serving copy of the within writ on Ed. Norvell, agent of the within named M. & C. R. R. Co." On the 22d October, 1877, an answer was filed in the name of the garnishee, by "John Bradley, paymaster," which was sworn to before a notary public in Tennessee; admitting an indebtedness to said Greet, at the service of the garnishment, of $162.50, and concluding as follows: "John Bradley makes oath that he is paymaster of said Memphis & Charleston Railroad Company, and is familiar with the facts stated in the foregoing answer; that it is in the line of his duty, as such paymaster, to keep and state the account of said William Greet with said company, and of all other persons in the employment of said company, and that the statements of the foregoing answer are true." On a subsequent day of the October term, 1879, Greet filed a declaration of exemption, under oath, as to the debt due to him by the garnishee; and at the ensuing May term, 1878, he filed a special plea, denying the legal sufficiency of the garnishee's answer to support a judgment, "because said Bradley has failed to make affidavit that he is the legally authorized agent of said corporation to answer for it as garnishee." The record does not show any action by the court on this claim of exemption, or on this special plea. At the May term, 1879, a judgment was rendered against the garnishee, in these words: "Came the parties, by their attorneys, and the garnishee answers indebtedness to the defendant in the sum of $162.50; it

is therefore considered by the court that the plaintiffs have and recover of the said garnishee, the Memphis & Charleston Railroad Company, the said sum of $162.50, and that the plaintiffs recover of said defendant the costs of this garnishment." From this judgment the garnishee sued out an appeal to this court, here assigning as error that the court had no jurisdiction to render judgment against said garnishee, because there was no service of process on said corporation, and no answer by the corporation or any lawful agent; and that said judgment failed to recite or show any judgment against Greet, the original debtor and defendant.

While said appeal was pending in this court, the plaintiffs made a motion in the court below to amend their judgment against the garnishee, *nunc pro tunc*, by reciting in it the fact of the rendition of judgment against Greet, and the amount of said judgment. On the first trial of this motion, the court below excluded the evidence offered by the plaintiffs, and refused to allow the proposed amendment; but its judgment was reversed by this court on appeal, at the last term, and the cause was remanded.— *Whorley v. M. & C. Railroad Co.*, 72 Ala. 20. On the second trial of the motion, as the bill of exceptions in the present record recites and shows, the garnishee opposed the proposed amendment, on these grounds: 1st, that the judgment sought to be amended had been set aside by the court, on motion of the garnishee; 2d, that said judgment was rendered without any service of process on said corporation, and without any appearance or answer by it, and was a nullity; 3d, that the defendant's affidavit and claim of exemption was still pending and undetermined, never having been acted on by the court; 4th, that said defendant had been declared and adjudicated a bankrupt. The plaintiffs offered in evidence, in support of their motion, the original judgment against Greet, and the garnishee objected to its admission, on these grounds: "1st, because it is *res inter alios acta;* 2d, because it is an attempt now to supply the evidence of that judgment which had not been offered, or attempted to be proved, when the judgment against said garnishee was rendered; 3d, because said evidence is illegal, irrelevant, and incompetent." The court overruled these several objections, and admitted the judgment as evidence; to which the garnishee duly excepted. The plaintiffs then offered in evidence the affidavit for the garnishment, the writ of garnishment, with the return thereon indorsed, and the answer filed by Bradley in the name of the garnishee; to each of which the garnishee objected, "on the same several grounds above assigned to the admission of said judgment," and duly excepted to the overruling of each objection, and to the admission of said papers as evidence. The plaintiffs offered in evidence, also, the continu-

ances entered in the cause at the November term, 1877, and the May term, 1878, each of which was in these words : " Came the parties by attorney, and by consent this cause is continued ;" the title of the case being thus entered in the marginal statement of the parties' names : "*J. & L. Whorley v. M. & C. R. R. Co.,* garnishee of William Greet." The garnishee objected to the admission of these entries as evidence, on the same grounds as above specified in relation to the other evidence, and duly excepted to the overruling of said several objections.

The garnishee then offered in evidence a judgment rendered in said cause by the court, at its November term, 1881, setting aside the judgment which had been entered up on the answer filed in its name. This judgment was in these words : " In this cause, upon the motion of the Memphis & Charleston Railroad Company, as garnishee in the cause, to amend *nunc pro tunc* the judgment-entry against it made at the Spring term of this court, 1879, and to vacate and annul the judgment entered up against it at said term ; it appearing to the satisfaction of the court, on the trial of said motion, that said Memphis & Charleston Railroad Company, as garnishee, never appeared in the cause, by attorney or otherwise, and the said judgment-entry in said cause, whereby it appeared that the parties came by attorney, was erroneous and incorrect, in this, that said garnishee never did appear in this court, by attorney or otherwise ; and it further appearing that the judgment entered in said cause at said term, in favor of the plaintiffs, and against said garnishee, for $162.50, was rendered upon a paper writing in this cause, indorsed by the clerk as filed on the 22d October, 1877, and purporting to be the answer of said garnishee, made by John Bradley ; and it further appearing to the satisfaction of the court that no judgment could be entered up against said garnishee on said paper writing as the answer of said garnishee, and therefore said judgment was without authority of law ; it is therefore considered by the court, that said motion of said garnishee be granted—that said judgment-entry be annulled [*amended ?*], so as to show that said garnishee did not appear by attorney, and that said judgment against said garnishee was rendered upon said paper writing signed and sworn to by said Bradley ; and that said judgment against said garnishee be, and the same is hereby, set aside and held for naught, and said cause be restored to the docket, for proceedings to be had therein as if no such judgment had ever been rendered ; and it is further considered that the said garnishee recover of the plaintiffs the costs of this motion."

" The plaintiffs objected to the introduction of said judgment as evidence ; the court sustained their objection, and the garnishee excepted. And this being all the evidence offered on said

trial, the court thereupon granted plaintiffs' motion, and amended the judgment against said garnishee as prayed for in said motion ; to which action and ruling of the court said defendant (garnishee) duly excepted."

From this judgment the garnishee appealed, and here assigns the same as error, together with the several rulings of the court on the evidence to which, as above stated, exceptions were reserved. A motion was submitted by the appellees, to dismiss this appeal, on the ground that the amendment was not such a judgment as would support an appeal. The amended judgment was brought up, in return to a special *certiorari*, as a part of the record in the first appeal.

HUMES, GORDON & SHEFFEY, for the appellant in each case. (1.) The court was not authorized to render any judgment against the garnishee, on the answer filed by Bradley, in the absence of the affidavit which the statute makes a condition precedent to the validity of such answer.—Code, § 3222 ; *M. & E. Railroad Co. v. Hartwell*, 43 Ala. 508. (2.) The appearance of the garnishee can not supply the want of the affidavit, and the recitals of the judgment do not show an appearance by the garnishee : on the contrary, while the plaintiffs and defendant each appeared by attorney, and their respective pleadings are signed by their attorneys, there is no pleading on file signed by an attorney for the garnishee ; and the recital as to the appearance of *the parties* by attorney, must be referred to the parties who were in court.—*Hunt v. Ellison*, 32 Ala. 182 ; *Kingsbury v. Yniestra*, 59 Ala. 320 ; *Thompson v. Whitman*, 18 Wallace, 457. (3.) The judgment against the garnishee is erroneous, because it does not recite or show that any judgment had been rendered against the defendant in the original cause. *Chambers v. Yarnell*, 37 Ala. 400 ; *Bonner v. Martin & Lowe*, 37 Ala. 83 ; *Faulks v. Heard & Due*, 31 Ala. 517 ; *Oxford Iron Co. v. Spradley*, 42 Ala. 24 ; *So. Express Co. v. Carroll*, 42 Ala. 437 ; *Railroad Co. v. Hartwell*, 43 Ala. 508. (4.) The judgment being void, it was properly set aside at a subsequent term.— *Wainwright v. Sanders*, 20 Ala. 602 ; *Summersett v. Summersett*, 40 Ala. 596 ; *Bryan v. Streeter*, 57 Ala. 104. (5.) The defects of the judgment could not be remedied by an amendment *nunc pro tunc.* The omission of the judgment against the original defendant was not a clerical misprision, but a fatal defect of proof, which neither the clerk nor the court could supply; nor could the proof be supplied by the party at a subsequent term, when it was not shown, nor attempted to be shown, that the proof was in fact made to the court when the judgment was rendered.—*Benford v. Daniels*, 13 Ala. 667, *Burt v. Hughes*, 11 Ala. 571 ; *Wolfe v. Davis*,

[Memphis & Charleston R. R. Co. v. Whorley.]

74 N. C. 597. A garnishment is the institution of a new suit; and though it be consequential to the original suit, the judgment against the original defendant is no part of the record, unless made so in proper manner.—Drake on Attachments, § 452 ; *Pearce v. Winter Iron Works*, 32 Ala. 72. The appellant asks a re-examination of this point by the court, and relies on the authorities cited. in brief for appellee on former appeal.—72 Ala. 21.

McCLELLAN & McCLELLAN, *contra.*—(1.) The defects of the original judgment were cured by the amendment, and the amended judgment is made part of the record.—36 Ala. 604. On the first appeal, then, the judgment must be affirmed, as the assignments of error are now without foundation in fact. (2.) The defects of the answer can not be looked to, in the present state of the record ; and if they could, the defect is cured by the appearance of the garnishee, as shown by the recitals of the judgment-entries.—24 Ala. 480; 29 Ala. 454; 32 Ala. 173; 10 Peters, 449 ; 4 Wait's Actions & Defenses, 196. (3.) The amendment of the judgment was made in strict accordance with the former decision of the case.—72 Ala. 20. (4.) It is submitted that no appeal lies from such amendment, it being merely the correction of a clerical misprision.

SOMERVILLE, J.—These two causes were submitted in connection, the one being an appeal from a judgment against the appellant as garnishee, and the other a subsequent appeal from the same judgment, as amended *nunc pro tunc.*

When the cause was last before us for consideration, it was held that the judgment-entry against the garnishee could be amended at a subsequent term, *nunc pro tunc*, so as to make it recite the amount of the original judgment against the debtor, which had been omitted by clerical misprision.— *Whorley v. Memphis & Charleston R. R. Co.*, 72 Ala. 20. The amendment having been made in accordance with the ruling in that case, we are requested to review the conclusion at which we then arrived. We have done so, and are of opinion that the case should be adhered to, as being in harmony with our past decisions touching the subject of amendments of this nature. *Taylor v. Harwell*, 65 Ala. 1, 15 ; *Nabers v. Meredith*, 67 Ala. 833 ; *Wilkerson v. Goldthwaite*, 1 St. & Port. 159 ; *Evans v. St. John*, 9 Port. 186 ; 1 Brick. Dig. p. 78, §§ 129 *et seq.*

There can be no doubt of the fact, that an appeal will lie from the judgment rendered, or amended. *nunc pro tunc*, and that the judgment of the court sustaining the motion to amend may be made a ground for the assignment of error. The appeal is not taken, as supposed by appellee's counsel, from the

act of the clerk making the correction, which is merely minis-
terial; but it is from the judgment of the court, under author-
ity of which the clerk has done the act.—*Ex parte Gilmer*, 64
Ala. 234; *Lilly v. Larkin*, 66 Ala. 110; 1 Brick. Dig. 78,
§§ 129 *et seq.*

It is insisted that the answer of Bradley, which purports to
be in the name of the Memphis & Charleston Railroad Com-
pany, is insufficient to sustain the judgment rendered against
the company as garnishee, because it does not appear that he
had any authority to make the answer. Our decisions are very
clear in holding that a judgment by default against a corpora-
tion can not be sustained by the sheriff's official return, or even
the clerk's statement, characterizing the person upon whom the
summons and complaint were served as *agent* of the corpora-
tion. It must appear from the record that satisfactory *proof*
of such agency was made in the court below, showing that the
person, upon whom such process was served, occupied such a
relation to the defendant corporation, as to bring the defend-
ant into court, within the provisions of the statute authorizing
service on certain designated agents.—*Southern Express Co. v.
Carroll*, 42 Ala. 337; *Talladega Ins. Co. v. McCullough, Ib.*
667; *Oxford Iron Co. v. Spradley, Ib.* 24; *M. & E. Railroad
Co. v. Hartwell*, 43 Ala. 508. So, for a like reason, the statute
which authorizes process of garnishment to issue against pri-
vate corporations, provides that no person shall answer such
process in behalf of such corporation, "unless he shall *make af-
fidavit* that he is the *duly authorized agent of such corporation
to make such answer.*"—Code, 1876, § 3222. The answer of
Bradley fails to comply with this statute.

Conceding that this position is well taken, its force becomes
totally unavailing, as is admitted in argument, provided there
has been an appearance in the court below by the garnishee.
This would constitute an affirmance of the agent's authority to
make the answer, and would be a waiver of any defect in the
process by which the garnishee was brought into court. It is
not necessary that we should consider the question, argued by
appellant's counsel, as to whether the judgment-entry against
the garnishee shows such appearance. This precise question is
discussed in *Hunt's Heirs v. Ellison's Heirs*, 32 Ala. 173,
where all the authorities are collated, with a conflict of opinion
among the judges who sat in the cause. It is enough for us to
say, that the several judgment-entries, showing repeated con-
tinuances of the garnishment cause, recite the fact that *"the
parties came by attorney,"* and that this clearly constitutes a
general appearance by the garnishee, especially in view of the
statement that these continuances were *by consent.—Hunt v.
Ellison*, 32 Ala. 173, *supra; Collier v. Falk*, 66 Ala. 223.

These entries were a part of the record of the cause, and, as such, were properly admitted as evidence of an appearance by the garnishee, in the proceedings taken to amend the judgment *nunc pro tunc*, in the court below.

We can see no error in the record, and the judgment in each case is affirmed.