# *Ex parte* Cincinnati, Selma & Mobile Railway Co.

*Application for Mandamus to Circuit Court, in matter of Garnishment against Corporation.*

1. *Compelling answer by garnishee in open court.*—A garnishee "may, if required by plaintiff, be examined orally in the presence of the court" (Code, § 3293); and this statutory provision, which is mandatory, is expressly made applicable to private corporations (§ 3267), and may be enforced against them by attachment, or by judgment *nisi* for want of answer, made absolute on continued refusal.

This was an application by petition, in the name of the Cincinnati, Selma & Mobile Railway Company, a private corporation, for a writ of *mandamus*, or other appropriate writ, to the presiding judge of the Circuit Court of Montgomery, Hon. *John P. Hubbard*, commanding him to vacate and set aside an order made during the June term of said court, 1885, in a cause therein pending, in which the State of Alabama was plaintiff, Fred. Wolffe was defendant, and the petitioner was summoned by garnishment as the debtor of said Wolffe. A conditional judgment was rendered against the garnishee for want of an answer, but this judgment was set aside, on its motion, and an answer was filed in its name, "by H. L. Wright, cashier and treasurer of said corporation," denying any indebtedness on its part to said Wolffe. On the filing of this

[*Ex parte* Cincinnati, Selma & Mobile Railway Co.]

answer, "the same being read and examined by the plaintiff, by attorney, plaintiff immediately moved the court to require the company to appear and be examined orally, as such garnishee, in the presence of the court, at the next term thereof;" and the court granted the order as prayed, against the objection and exception of the garnishee. The bill of exceptions, reciting these proceedings, is made an exhibit to the petition filed in this court, which seeks to have this order set aside and vacated.

BROOKS & ROY, for the petitioner.

STONE, C. J.—Chapter 1, Title 2, Part 3 of the Code of 1876, commencing with section 3252, relates to attachments at law. Sections 3267 and 3293 are parts of that chapter. Section 3293 enacts, that "The garnishee must answer upon oath, according to the terms of the citation, within the first three days of the return term of the attachment, and may, if required by plaintiff, be examined orally in the presence of the court." The meaning of this section is, that in garnishment causes, it rests with the plaintiff whether he will require the garnishee to submit to an oral examination in open court. *May*, in this statute, means *must*, for a third person is interested *de jure* in the enforcement of its provisions.—2 Brick. Dig. 462, §§ 29, 30. The enforcement of this right by the court can be secured by attachment to compel an answer, by striking the written answer from the file, if there be one, and, the garnishee refusing to answer further, by giving judgment *nisi* against him for want of an answer, and by making it absolute, if he persist in his refusal.—Code, § 3298; 1 Brick. Dig. 179, § 356.

Section 3267 of the Code provides, that "The provisions of this chapter are applicable to all private corporations, and all affidavits required to be made under its provisions may be made by the president, cashier, secretary, or any other duly authorized agent of such corporation; and such corporation may do and be dealt with under its provisions in the same manner as if they were natural persons." This is manifestly a change of the common-law mode of official action by a corporation; for, at common law, corporate acts were performed under the seal of the corporation. Garnishment is a species of attachment, and the purging of the conscience of some one having knowledge of the facts, is necessary to its successful administration. Hence the legislative change, by which a sworn personal answer is secured. And, under this statute, corporations "may do and be dealt with, in the same manner as if they were natural persons;" that is, they may be required

[Trimble v. Fariss.]

to answer orally, to have their answer rejected, if they refuse to answer when so ordered, and to have judgment rendered against them for want of an answer.—See *M. & E. R. R. Co. v. Hartwell*, 43 Ala. 508.

The answer may be made by the "president, cashier, secretary, or any other duly authorized agent of such corporation." The legislature can not be supposed to have intended that the corporation may, at its mere pleasure, authorize one of the named officers, or any other agent it may appoint, to attend and make answer for the corporation. It might select an agent with intentional reference to his want of knowledge of the facts about which he is to be interrogated. The intention was, that the answer should be made by some person cognizant of the facts, whether that person was president, cashier, secretary, or some other agent of the corporation. A failure to answer by some officer or agent who can answer knowingly, would authorize a judgment for want of an answer, subject to be made final as in other cases.

*Mandamus* denied.