# Dunham Lumber Co. v. Holt.

*Bill to Set Off Claim Against Award of Arbitrators.*

1. *Set-off; when established in court of equity.*—Where a party who is insolvent recovers a judgment at law against a debtor, and the debtor has a claim against the judgment creditor he may go into a court of equity to have his claim set off against the judgment, since when there is a cross demand the debtor-creditor has only a claim for any balance remaining after crediting the one with the other as the debt due him.

2. *Same; when allowed against statute of limitations.*—While under the provision of section 674 of the Code, courts of equity must give effect to the statute of limitations which obtain in courts of law, they will also give effect to and enforce the ex-

[Dunham Lumber Co. v. Holt.]

ceptions and qualifications thereto. One of the exceptions to the running of the statute of limitations is that "when the defendant pleads a set-off to the plaintiff's demand, to which the plaintiff replies the statute of limitations, the defendant is nevertheless entitled to his set-off, when it was a legal subsisting claim at the time the right of action accrued to the plaintiff on the claim in suit."—Code, § 3732.

3. *Same; not destroyed because not pleaded.*—The fact that a debtor when sued at law by his creditor does not specially plead a demand held by him against the creditor does not destroy its character as a set-off or counter-claim so as to prevent him from pleading it as such in a suit brought by him in a court of equity to reduce or destroy the judgment obtained against him by his creditor.

4. *Injunction; when dissolved on condition imposed.*—When the defendant in a suit in equity by sworn answer denies the allegations of the bill the complainant cannot be injured if the court dissolves an injunction issued in his favor on condition that the defendant enter into bond as required by section 796 of the Code.

APPEAL from Montgomery Chancery Court.

Heard before Hon. W. L. PARK.

This cause is a suit in equity brought by the Dunham Lumber Company against Holt. The purpose of the bill was to set aside the award of arbitrators and to compel the allowance of a set-off against the award. Holt brought suit against the Lumber Company in the circuit court to recover certain sums alleged to be due him from the company by account extending over several years. Pending this suit there was an agreement to submit the matters involved to arbitration, and the suit was dismissed. The arbitrators made an award, but refused to consider a certain claim which the company had against Holt and which it offered as an off-set to Holt's demand, because they did not think they had the authority under the terms of the submission to consider it. Immediately after this announcement by the arbitrators the company protested and notified them that it would not abide the award. Litigation followed which need not be specially noticed. The bill in this case was finally brought for the purposes stated and for injunction. Holt pleaded the statue of limitations, to which plea exceptions were filed.

The court held this plea to be sufficient, and from this decree appeal was taken.

WATTS, TROY & CAFFEY, for appellant.—The equity of the bill rests upon the injustice of allowing an insolvent owner of a judgment to enforce the same when he is justly indebted for a greater amount to the judgment creditor.—*Schultze v. Steiner*, 100 Ala. 153; *Donaldson v. Posey*, 13 Ala. 752; *Cave v. Webb*, 22 Ala. 583; *Carroll v. Malone*, 28 Ala. 521; *White v. Wiggins*, 32 Ala. 424; *Nelms v. Pruitt*, 37 Ala. 389; *Cotton v. Scott*, 97 Ala. 447; *O'Neal v. Perryman*, 102 Ala. 522; 2 Story Eq. Jur., p. 661.  (2). On the statute of limitations and exceptions to it as affecting a bar.—*Conner v. Smith*, 88 Ala. 300; *Washington v. Timberlake*, 74 Ala. 264; *Jeffries v. Castleman*, 75 Ala. 264; *Patrick v. Petty*, 83 Ala. 23; *Rosser v. Bunn*, 66 Ala. 89.

GRAHAM & STEINER, *contra*, contended, that the statute of limitations was an answer to the bill, as section 3732 of the Code in no sense controls the case under consideration, citing, Endlich on Interpretation of Statutes, § 73.  And that the present case is distinguished from the case of *Conner v. Smith*, and other cases cited.

TYSON, J.—When this cause was here on a former appeal, this court retained the bill solely on account of the equity it contained growing out of the averment that Holt "is utterly insolvent and that he owns no property liable to the demands of complainant and subject to process for collection of debts under the laws of Alabama."

The demand which the complainant seeks to set-off against the judgment which Holt recovered against it, and to be allowed to retain, as shown by the allegations of the bill, grows out of the collection by him as secretary and treasurer of complainant company of certain moneys between May, 1886, and December, 1888, to the amount of some six thousand dollars. It is further shown by the bill that the judgment which Holt has against the complainant, is based upon an account consisting of numerous items due by the complainant to

Holt covering the period of time intervening between July 1, 1885, and December 31, 1888.

It is clear from these allegations of fact that complainant's demand at the time of the right of action accrued to Holt upon his account which went to make up his judgment was a legal subsisting one.

The right of the complainant to invoke the jurisdiction of a court of equity is beyond cavil, and we do not understand that the respondent in anywise denies this right.—*Dunham Lumber Co. v. Holt,* 26 So. Rep. 663; *Tuscumbia, Courtland & Decatur R. R. Co. v. Rhodes,* 8 Ala. 206.

In *Martin v. Mohr,* 56 Ala. 223, it is said: "In the thoroughly considered case of *Tuscumbia, Courtland & Decatur Railroad Company v. Rhodes,* (8 Ala. 206), it was held, that the principles deducible from the English chancery cases, upon the subject of set-off, may be thus stated: 'Although courts of equity, at first, assumed jurisdiction on the *natural equity,* that one demand should compensate another, and that it was iniquitous to attempt at law to enforce more than the balance; yet now they only exercise it—1st, when a legal demand is interposed to an equitable suit; 2nd, when an equitable demand cannot be enforced at law, and the other party is suing there; 3rd, or, where the demands are both purely legal, and the party seeking the benefit of the set-off can show some equitable ground for being protected.' And it is held in the same case, and several others, that the insolvency of the debtor-creditor, who is proceeding to collect the sum due to him, is 'a distinct equitable ground, entitling the party to relief, even in cases where both demands are purely legal.' See also *White v. Wiggins,* 32 Ala. 424; 22 Am. & Eng. Ency. Law, 418 and note; Waterman on Set-Off, 450, § 431.

The underlying principle upon which this doctrine is founded is that when there is cross-demand, the debtor-creditor has only a claim for any balance remaining after crediting the one with the other as the debt due him.—*Washington v. Timberlake,* 74 Ala. 264. If there is no remaining balance due by complainant to Holt, but its claim exceeds the amount of his judgment and he is insolvent, it would be opposed to natural equity to re-

quire it to pay him his judgment, and to remand complainant to a court of law for the enforcement of its demand, which would inevitably result in its getting nothing upon its judgment, should it recover one.

The main controversy here, however, is, whether complainant's cross-demand or counter claim is barred by the statute of limitations of six years. If the bill sought to enforce the complainant's claim as an independent demand, in contradistinction to a set-off or counter claim, then unquestionably, the plea of the statute of limitations of six years would be a perfect answer, if for any reason the bill could be shown to have equity.—Code. § 674. And while under this provision (674) courts of equity must give effect to the statute of limitations which obtain in courts of law, they will also give effect to and enforce the exceptions and qualifications thereto. One of the exceptions to the running of the statute of limitations is found in section 3732 of the Code which reads as follows: "When the defendant pleads a set-off to the plaintiff's demand, to which the plaintiff replies the statute of limitations, the defendant is nevertheless entitled to his set-off, when it was a legal subsisting claim at the time the right of action accrued to the plaintiff on the claim in suit."

The effect of the statute, as deducible from the cases of *Washington v. Timberlake, supra,* and *Riley v. Stallworth,* 56 Ala. 481, in which it was construed, is to suspend the running of the statute of limitations as against a set-off which was a legal subsisting demand at the time Holt's right of action accrued. It is true in order for the complainant to have gotten the benefits of this set-off in the proceedings of Holt against it, it would have been required to plead it specially. But because it was not pleaded, does not destroy its quality or character as a set-off or counter claim. It is pleaded here as such, and we may add, as a defense to the enforcement of Holt's demand, and it is because it is so pleaded that a court of equity will entertain the bill. As said in *Conner v. Smith,* 88 Ala. 311: "It is very true, that the case does not come precisely within the letter of the law; but it is also true, that such a defense in equity can never come precisely within the letter of a statute applicable by its

terms to actions at law." These demands, as now presented, fully illustrate the spirit and purpose of the exception made by section 3732 to the running of the statute of limitations against them and "are in line with that principle of law applicable to cross demands which regards only the balance remaining after crediting the one with the other, as the debt due."

Our opinion is, that in courts of equity section 3732 of the Code may be relied upon to exempt a cross demand from the operation of the statute of limitations in cases of insolvency of the debtor-creditor seeking to enforce a judgment against the complainant, when the cross-demand was a legal subsisting liability against the debtor-creditor at the time the right of action accrued to such debtor-creditor upon his demand against complainant resulting in the judgment sought to be collected. It follows that the exceptions to respondent Holt's plea of the statute of limitations for insufficiency should have been sustained.

On motion of respondent the chancellor dissolved the injunction, on the sworn denials contained in the answer of the equity of the bill, conditioned upon the respondent Holt entering into bond as required under section 796 of the Code. The answer of Holt expressly denies his indebtedness to the complainant and his insolvency. The bond he is required to give fully protects the complainant in the payment to him of the judgment he has against it. We are unable to see how complainant can possibly be injured by the dissolution of the injunction. *Rice v. Tobias,* 83 Ala. 348; *Barnard v. Davis,* 54 Ala. 565.

For the error pointed out the decree must be reversed and a decree here entered sustaining the exceptions to rspondent's plea of the statute of limitations for insufficiency.

Reversed, rendered and remanded.