# Boyett, *et al. v.* Frankfort Chair Co.

*Bill to Declare a Corporation Insolvent, for a Receiver, and to Avoid Certain Transfers of Property.*

(Decided July 2, 1907.   44 South. 546.)

1. *Appeal; Decisions to Support.*—A decree settling and determining the equities of the bill is a final decree from which an appeal will lie.

2. *Same; Time of Taking; How Computed.*—Where a decree was rendered on Jan. 25, 1906, and the appeal was perfected on Jan. 25, 1907, construing together sections 11 and 436, Code 1896, the appeal was taken in time.

3. *Corporations; Process; Service; Proof.*—Where the record fails to show that proof was made to the satisfaction of the register that the person served was at the time of the service such an agent of the corporation as legal service could be made upon, a decree pro confesso based on such service is void, and hence, there could be no valid final decrease, the cause not being otherwise at issue.

APPEAL from Covington Chancery Court.

Heard before Hon. W. L. PARKS.

Bill by Frankfort Chair Company to declare a corporation insolvent, to have a Receiver appointed to take charge of the effects of the same, and to declare certain transfers of corporate property to the officers thereof fraudulent and void as to creditors.   From a decree for complainant, respondents appeal. Reversed and remanded.   There was also a motion to dismiss the appeal which motion was denied.

FOSTER, SAMFORD & PRESTWOOD, for appellant.   The service was had and return made by a person styling himself, "D. S." and who the court judicially knows was not the sheriff at that time.   The return should have been in the name of the sheriff, per the deputy, and a return otherwise made will be disregarded.—*Joyce v.*

*Joyce,* 5 Cal. 449; *Rowley v. Howard,* 23 Cal. 401; *Ryan v. Eads Bridge,* 163; *Ditch v. Edwards,* 1 Scam. 127; 26 Am. Dec. 414; *Simonds v. Catlin,* 2 Caines 61; *Abram v. Erwin,* 9 Ia. 87; *Schott v. Youree,* 142 Ill. 233; *Talbott v. Hooser,* 12 Bush, (Ky.) 408; *Carter v. Hornback,* 139 Mo. 238; *Piland v. Taylor,* 113 N. C. 1; *Perkins v. Reid,* 14 Ala. 536. The proof of service is not sufficient to authorize the final decree on the decree pro confesso.—*Oxanna Bldg. Asso. v. Agee,* 99 Ala. 571.

A. L. RANKIN, for appellee.—No brief came to the Reporter.

DOWDELL, J.—The decree appealed from settles and determines the equities of the bill, and is therefore a final decree, from which an appeal will lie. The decree was rendered on the 25th day of January, 1906, and appeal was taken on the 25th day of January, 1907. The statute (section 436 of the Code of 1896) provides in such cases for the taking of the appeal "within one year from the rendition of the judgment or decree." In computing the time under the statute (section 11 of the Code) the day of the rendition of the decree must be excluded, and, when so computed, the present appeal was taken in time.—*L. & N. R. R. Co. v. Watson,* 90 Ala. 68, 8 Souh. 249; *Dickson v. Frisbee,* 52 Ala. 165, 23 Am. Rep. 565; *Field v. Gamble,* 47 Ala. 443; *Cawlfield v. Brown,* 45 Ala. 552. The motion to dismiss the appeal must be overruled.

The final decree was rendered on a submission of the cause on the original bill and decree pro confesso. The decree pro confesso was taken on personal service. The service on the respondent corporation was as follows: "Executed by handing the defendants, W. A. Woodham as president of said corporation, J. E. Boyett, and J. E.

[Boyett, et al. v. Frankfort Chair Co.]

Weaver a copy of the within on the 28th day of July, 1905. * * * J. H. Stokes, D. S." The record fails to show that any proof was made that W. A. Woodham, the person served, was the president of the defendant corporation, or a person on whom service could be legally had. The decree pro confesso was taken before the register, and it recites in the body of it "And it being made known to the register, that the party upon whom service was made for the defendant corporation was such agent as shown by the sheriff's return at the time of such service." There is a wide difference between having a thing made known, and having legal proof made of the thing. The character of the person served might be made known to the register by the unsworn statement of some person. This falls far short of the requirement of the law in such cases. The failure of the record to show that proof was made to the satisfaction of the register that the party served was at the time of such service the president of the defendant corporation renders the decree pro confesso void.—*Oxanna Building Association v. Agee,* 99 Ala. 571, 13 South. 279; *Manhattan Fire Insurance Co. v. Fowler,* 76 Ala. 372; *Memphis & Charleston R. R. Co. v. Whorley,* 74 Ala. 270; *M. & E. R. R. Co. v. Hartwell,* 43 Ala. 511; *So. Express Co. v. Carroll,* 42 Ala. 437; *Talladega Insurance Co. v. McCullough,* 42 Ala. 667; *Lyon v. Lorant,* 3 Ala. 151.

There being no valid decree pro confesso, and the cause not being otherwise at issue, the rendition of the final decree was error. The decree must be reversed and the cause remanded for further proceedings.

Reversed and remanded.

TYSON, C. J., and ANDERSON and McCLELLAN, JJ., concur.