## BRYANT *vs.* INGRAHAM.

1. The brother-in-law of a party, at whose instance the deposition of a witness is taken, is incompetent to act as commissioner.

2. A deposition, reduced to writing by a brother of the party for whose benefit it is taken, should be suppressed on motion of the opposite party.

3. A deposition taken irregularly and not in conformity with the requirements of law, is inadmissible as testimony, and may be excluded on motion, at the trial of the cause. (The distinction drawn between the cases of Cullum v. Smith et al. 6 Ala. 627, and Steele v. Dart & Co., 6 Ala. 800.)

4. When a plaintiff and defendant deduce title from the same person— the one by parol gift, the other under a subsequent will—testimony, tending to establish the insanity of the testator at the time of the execution of the will, is wholly irrelevant and properly rejected

5. The declaration of J.. that he had given a slave to B., and then hired it from him, without a delivery of the slave, is insufficient to perfect a parol gift.

Error to the Circuit Court of Tallapoosa. Tried before the Hon. Geo. W. Stone.

Detinue for a slave by plaintiff against defendant in error. The plaintiff examined a witness, who testified that in the latter part of the year 1844, he heard one Hardy Jones, at that time the owner of the slave, say, that he had given the slave to plaintiff, and hired her from him at $5 per month until his crop was gathered. The slave remained in the possession of Jones until the early part of the year 1845, at which time Jones died. The defendant claimed the slave, as one of the distributees of Jones, being his son-in-law. In the course of the trial, the plaintiff offered to read in evidence the depositions of one William Thomas, a witness examined in his behalf; the defendant proved that the commissioner who took and certified it was a brother-in-law of the plaintiff, and on that ground moved to exclude the deposition from the jury, and the court sustained the motion, although it was shown that the commissioner was a man of good character. The plaintiff also offered to read the depositions of two other witnesses; the defendant proved that they were in the handwriting of a brother of the plaintiff, and objected to their being read on that ground, which objection the court sustained, notwithstanding it was made to appear that the depositions had been in office since the preceding term of the court, without any objection being made to the manner in which they were taken, and that the brother had reduced them to writing at the request of the commissioners, and in their presence and the presence of the witnesses, and in so doing had copied from a paper furnished by the witnesses themselves, as containing all that they knew about the matter. The witnesses, however, could neither read nor write, and the defendant at the time objected to the whole proceeding, and was overruled by the commissioners. The will of Hardy Jones, dated in June 1844, which constituted the

foundation of the defendant's title, was in evidence, and the plaintiff introduced one of the subscribing witnesses to it, and proposed to ask him his opinion as to the sanity or insanity of Jones, at the time of the execution of the will. The defendant objected, and the court sustained the objection. The plaintiff asked the court to charge the jury, that if they believed from the evidence, that the said Hardy Jones, in the year 1844, was willing to give the slave to defendant, and said in the latter part of that year, that he had given the slave to him, and if they further believed that whilst the slave was in his possession, the said Jones stated that he had hired the slave from plaintiff at $5 per month, until his crop was gathered, and that this hiring was intended by him to make the gift perfect, then an actual delivery was not necessary to perfect the gift. This charge the court refused to give, whereupon the plaintiff excepted, and he now assigns as error the refusal of the court so to charge, as well as its several rulings in respect to the evidence.

Rice and Morgan, for plaintiff:

1. It is not sufficient ground for the suppression of a deposition, that it was taken by a brother-in-law of one of the parties; and the motion to suppress was not made before the cause was on trial. See Donald v. Jones, Chilton, J. opinion in M. S., and cases there cited. The proof is clear, that Thomas acted fairly in taking the proof, and was a man of good character.

2. Glenn Barnett was a subscribing witness to the will under which the defendant claimed, and his opinions of the sanity of the testator were competent. McCurry v. Hooper, 12 Ala. Rep. 828.

3. The depositions taken by Neadham Bryant were fairly taken. The witnesses did not swear from the memorandum, which was copied; the answers were distinctly read to them after the same were written down. No motion was made to suppress the depositions. The defendant was present.

4. The charge refused by the court was clearly the law, and was well supported by the proof. Easley v. Dye, Collier C. J. opinion at the present term, and cases there cited.

No counsel for defendant.

DARGAN, J.—As it was shown that Pearson, who acted as the commissioner in taking the testimony of the witness, Thomas, was the brother-in-law of the plaintiff, the deposition was properly rejected. The mode of taking testimony by deposition is open to the objection, that a designing commissioner can readily pervert the meaning of the witness. Indeed, the witness may be made to speak what he did not intend to say. The court should, therefore, throw around evidence, thus taken, all proper guards to secure it from imposition; and it is not an unreasonable guard or precaution, to hold that one so nearly related as a brother-in-law is incompetent to act as a commissioner, at the instance of his relative, *unless the opposite party assent thereto.* It is true that Pearson, the commissioner, was shown to be a man of good character, but we cannot engraft on the rule an exception, founded on character; it would often lead to unnecessary investigation, and we think it the safer rule to hold that the commisssioner who, *pro hac vice,* acts in the stead of the judge, like him, should be *above all exception.* This is the rule that has been adopted in courts of chancery, from which the practice was borrowed; and as our statutes, permitting the testimony of witnesses to be taken by deposition and read as evidence in suits at law, do not prescribe any rule, by which the competency of the commission shall be tested, we think it better to adopt, in this particular, the rule that has obtained in courts of chancery.

2. We think the court, also, properly suppressed the depositions of those witnesses, whose testimony was reduced to writing by the brother of the plaintiff. In the case of Steele v. Dart & Co., the deposition was reduced to writing by the party himself, at whose instance it was taken, and this court held, that it was properly rejected, and in the opinion delivered, it is said, "that in the case of an illiterate or a willing witness, the party to the suit, in reducing the deposition to writing, could shape it to suit his own views." 6 Ala. R. 800. Any other person, who reduces the deposition to writing, can, with the same facility, pervert the meaning of the witness, and thus impose on the court evidence that he would not give if fairly examined. We cannot presume, that the feelings of a brother are altogether free from bias and partiality, and it is, therefore, the safer rule, to hold him incompetent to reduce the testimony to writing.

3. But it is contended, that the motion to reject the depositions came too late, as it was not made until the trial. It is true, that objections to particular interrogatories must be made before they are answered by the witness, or the objections come too late, and should be disregarded. Kyle & Gunter v. Bostwick et al. 10 Ala. Rep. 591; 2 Ala. 378; and in the case of Cullum v. Smith & Conklin, 6 Ala. Rep. 627, this court said, "that the court may suppress a deposition, even when regularly taken, if, under the peculiar circumstances of the case, injustice would probably result from using it; but when the deposition is taken in conformity to the rules of law, the motion to suppress it is addressed to the discretion of the court, and must be made before the trial." But it is very clear, that a motion to suppress a deposition, not taken in conformity with law, is not addressed to the discretion of the court; for it is not legal evidence, and a motion to reject it may be made when it is offered to be read. In the case of Steele v. Dart & Co., before referred to, the motion to reject the deposition was made at the trial, when it was offered to be read, and this court held, that the motion was properly granted. The distinction that seems to be recognised by the cases of Cullum v. Smith & Conklin, and Steele v. Dart & Co., is this: if the deposition is regularly taken, in conformity with the rules of law, but under circumstances that would induce the court to think that injustice would be done by using it, the court, in its discretion, may suppress it, but should not do it, if a motion for that purpose is not made before the deposition is offered to be read; but if the deposition be not taken in conformity with the rules of law, *it is then illegal evidence*, and *must be rejected when offered*, if a motion for that purpose is made. Indeed, it would seem unnecessary to move to reject illegal evidence before it was offered to be read, and strange that a failure to move to suppress it, in advance of an effort to use it, should legalise illegal testimony.

4. It is true, that a witness to a will, whether he be a man of medical skill or not, is permitted to give his opinion as to the sanity of the testator, at the time of executing it—McCurry v. Hooper, 12 Ala. 828; but we do not perceive what influence the question of the sanity of the testator, at the time of executing the will, had, or legally could have, on the title of the plaintiff. He does not claim under the will, but by a gift

*inter vivos.* If his title by gift was perfect, it is superior to any title derived under the will; but if he failed to establish a title by gift, he could not recover the slave, whether the testator was sane or insane, at the time of executing the will. The testimony, therefore, which was offered, tending to open the inquiry of the sanity of the testator, was properly rejected as irrelevant.

5. In order to perfect a parol gift of a chattel, to pass the title from the donor to the donee, the donor must part with the possession and control of it, and the possession must be delivered to the donee, or to some one for him. Sims v. Sims, 2 Ala. 117; Sewell v. Glidden, 1 Ala. 52. The mere declaration by one, that he would give or had given a chattel to another, when it is shown that the donor or owner never parted with the possession or control of it, would not be sufficient to establish a title by gift. The charge requested of the court, that such declaration, connected with the further statement, that the owner said he had hired the slave of his donee, would perfect the gift, although there had been no actual delivery of the same, was correctly refused; for if parting with the possession and control is necessary to perfect a parol gift, mere declarations by the donor cannot supersede the necessity of this act. It is the act of delivery, accompanied with the intention to give, that perfects a parol gift.

There is no error in the ruling of the court, and the judgment is affirmed.

CHILTON, J., not sitting.