# Couch *v.* The State.

*Indictment for Rape.*

1. *Organization of grand jury; supplying deficiency of original panel.*—In the organization of the grand jury, when less than fifteen of the original panel appear and are accepted, the deficiency should be supplied by summoning twice the requisite number "from the qualified citizens of the county" (Code, § 4754); and when the record shows that they were summoned, under the order of the court, "from the bystanders," the irregularity will work a reversal of a judgment of conviction under an indictment found by the grand jury thus constituted.

2. *Depositions in criminal cases.*—The statutory provisions which authorize the taking of depositions in criminal cases (Code, §§ 4932-35), apply only to cases pending in court, and not to preliminary examinations before committing magistrates.

FROM the Circuit Court of Chambers.

Tried before the Hon. JAMES E. COBB.

The record in this case shows that, in the organization of the grand jury by which the indictment was found, four of the original panel having been excused by the court, "which reduced the number to fourteen, the court thereupon ordered the sheriff to summon, from the by-standers, five talesmen, from whom to select two more jurors;" and that the jury was completed by the addition of two of the persons thus summoned. The indictment charged, in its first count, that the defendant "forcibly ravished Belle Williams, a female;" and on this count, to which he pleaded not guilty, he was convicted, and sentenced to the penitentiary for life. On his trial, as appears from the bill of exceptions, he offered in evidence, for the purpose of proving his good character, the deposition of one Marcram, which had been taken on interrogatories and cross-interrogatories, under a commission issued by the judge of probate of said county, "while this case was before him on preliminary examination, and before the indictment was preferred." On objection by the State, the court refused to allow the deposition to be read as evidence; and the defendant excepted to its exclusion. This is the only ruling to which an exception was reserved.

GEO. W. HOOPER, for the defendant.

H. C. TOMPKINS, Attorney-General, for the State.

MANNING, J.—In this case, the persons summoned as grand jurors having, by excuses allowed, been reduced below the number fifteen, the judge, instead of having an order entered, "commanding the sheriff to summon, from the *qualified citizens of the county*, twice the number of persons required to complete the grand jury," "ordered the sheriff to summon *from the by-standers* five talesmen from whom to select two more jurors," &c. The case is thus brought within the decision made in *Finley v. The State* (61 Ala. 201), according to which, the grand jury was not lawfully constituted, and the indictment it preferred must be quashed.

2. There was no error in ruling out the depositions taken for defendant. It is in cases pending in court, not examinations before committing magistrates, that the deposition must be taken, which the law allows to be read as evidence on the trial.

For the error above indicated, the judgment must be reversed, and the cause remanded. Let the defendant remain in custody, until discharged by due course of law.