# Goldsby *et al. v.* Goldsby.

## *Bill of Review.*

1. *Statement of title of plaintiff ; sufficiency in.*—It is a principle of universal application in pleading founded on reason and good sense, that the title of the plaintiff should be stated with sufficient certainty and clearness to enable the court to see clearly that he has such a right as warrants its interference, and the defendant to be distinctly informed of the nature of the cause he is called upon to defend.

2. *Averments in a bill ; completeness demanded.*—The averments of a bill in Chancery must be so complete that on demurrer or decree *pro confesso* the court can, without evidence, be able to perceive and affirm that complainant is entitled to the relief prayed.

3. *Averments in a bill of review ; strictness demanded.*—There are stronger reasons for demanding strictness of averments in a bill of review, than for demanding it in an original bill; and relief cannot be granted upon vague and uncertain allegations.

4. *Statement of proceedings in original cause ; detail necessary.*—It is necessary to state all of the proceedings in the original cause except the evidence on which the court found the facts on which it proceeded to render a decree.

5. *Chancellor's decree ; presumption in favor of.*—In favor of the correct ruling of the Chancellor there will be indulged every reasonable presumption which the record does not affirmatively repel.

APPEAL from Dallas Chancery Court.
Heard before Hon. CHARLES TURNER.
The facts are stated in the opinion.

BROOKS & ROY, for appellants.

STONE, J.—The bill in this case was filed to obtain a review and reversal of an alleged former decree of the same court, allotting dower to the appellee. Relief is prayed on

the ground that there is error apparent in the former proceedings. In *McDougald v. Dougherty*, 39 Ala. 409, this court determined what parts of the record of the former suit should be presented and considered in a suit for review. We need not repeat what was there said.—See, also, *Brewer v. Bowman*, 20 Amer. Dec. 158, and note.

The bill in this case does not attempt to set out any of the proceedings in the former suit *in hœc verba*. It proceeds on the plan of setting forth the substance of the former pleading, facts and decree. There is nothing peculiar, or which calls for comment, in the averments concerning the original bill. It describes it as presenting the familiar case of marriage, seizin in fee of the husband during the coverture, that complainant, the widow, was entitled to dower therein, that said tract of land had been purchased and acquired by the defendants in said original bill, and that the husband of complainant had died. The averments of the bill of review, touching the amended bill filed in the original suit, necessary to be here presented, are as follows: "That the said Boykin Goldsby [husband] died without issue, and that thereupon the title to said tract of land . . passed by way of executory devise under the provisions of the said will of Thornton B. Goldsby (senior), deceased, to the heirs at law of said Thornton B. Goldsby (senior), deceased." The bill of review then avers that the amended bill set forth who were the heirs at law, viz: the complainants in this suit. The bill of review then proceeds: "And such proceedings were had on said bill as amended, and supplemented, that" the said heirs were served with process; "and that afterwards, on, to-wit, the 10th day of October, 1874," another amendment was allowed, not necessary to be here noted. The averment concerning the decree in the original cause, is as follows: "That such proceedings were thereupon had in said cause upon said bill of complaint as amended, that the cause being at issue as to all the parties thereto, was submitted by the said complainant upon the said will of Thornton B. Goldsby (senior), deceased, and the other testimony, for final decree; and afterwards, on the 15th day of October, 1874, your Honor rendered a decree in said cause, and thereby ascertained and decreed that the said Sallie C. Goldsby, the complainant therein, was entitled to dower in said land." The bill then avers the allotment of dower, stating the particular lands allotted, and how allotted. and adds: "All of which will more fully and particularly, and at large appear, reference thereto being had, in and by the record and proceedings in said cause, still remaining of record in this court." We omitted to state at the proper place, that in the bill of re-

view it is averred that the defendants to the original bill made the will of Thornton B. Goldsby (senior), deceased, an exhibit to their answer. The bill of review contains this further averment : " And your orators and oratrixes further show unto your Honor that, as appears on the face of the record and proceedings in said cause, the said Boykin Goldsby held said tract of land under and subject to the terms and provisions of the said will of his father, the said Thornton B. Goldsby (senior), deceased, and not otherwise, and under no other title or claim. And that by the terms and provisions of said will the estate of said Boykin Goldsby in said tract of land terminated upon his death without issue, and that said Boykin Goldsby died without issue ; and that thereupon the title and the right to said tract of land, by the terms and provisions of said will, reverted and passed to, and vested in the heirs at law of the said Thornton B. Goldsby (senior), deceased, who are married and described in said bill of complaint as amended ; and that the said Sallie C. Goldsby, the complainant therein, was not entitled to dower in said tract of land, nor in any part thereof." The bill then states the errors complained of in the usual form, with appropriate prayer for relief. The will of Thornton B. Goldsby (senior), deceased, is not made an exhibit to the bill of review, nor are its contents further shown than appears above. The foregoing is all the bill of review contains, material to the question we are considering.

There is appended to this record a certified transcript of the original suit, which this bill seeks to review. This transcript appears complete, except the single deposition put in evidence on that trial. Why this transcript is attached to this record, or sought to be made a part of it, we are not informed, further than that it was sent up in response to a *certiorari*. It is not made an exhibit to the present bill, in such form as that we can consider it a part of it.—Rules 17 and 66, Chancery Practice. Nor does the record of the former suit appear to have been consulted in the trial of this cause in the court below. We do not consider this attached transcript as any part of the record before us.

" It is a principle of universal application in pleading, founded on reason and good sense, that the title of the plaintiff should be stated with sufficient certainty and clearness, to enable the court to see clearly that he has such a right as warrants its interference, and the defendant to be distinctly informed of the nature of the cause he is called upon to defend."—*Cockrell v. Gurley*, 26 Ala. 405. " Bills in chancery must set forth, not the evidence, but every material averment of fact necessary to plaintiff's right of recovery. So complete

must be the averments of fact, that on demurrer, or decree *pro confesso*, the court can, without evidence, be able to perceive and affirm that complainant is entitled to the relief prayed. . . The averments in the present bill, which, it is contended, take this case out of the operation of the general disability to contract under which married women labor, are but statements of legal conclusions, not averments of fact."—*McDonald v. Mobile Life Ins. Co.* 46 Ala. 468 ; *Duckworth v. Duckworth*, 35 Ala. 70. And we may add that in bills of review, stronger reasons apply why there should be strictness in the averment, than in most classes of suits. Such bill shows on its face that it seeks to have a review, or reconsideration of some question upon which the same court has once made a final ruling. The rule is, not to presume error, but to require that it be strictly shown. We presume everything in favor of the primary court's correct ruling, which the record does not disprove.—1 Brick. Dig. 781, sections 118 to 120. In *Caller v. Shields*, 2 Stew. & Por. 417—a case of bill of review, and well considered—this court said, that relief would not be granted on vague and uncertain allegations. This was but affirming that the error, to justify relief, must be apparent—must be made to appear. It is not enough to raise a doubt. The error must be clearly shown to authorize a bill of review, which, under our liberal system of appeals, can rarely become necessary.

Story, in his Eq. Pl. section 420, speaking of the frame of a bill of review, says : "In a bill of this nature, it is necessary to state the former bill and the proceedings thereon, the decree, and the point in which the party exhibiting the bill of review conceives himself aggrieved by it." Daniel, in his work on Ch. Pl. & Pr., marginal page 2064, gives the form of a bill of review. We omit the formal parts. He says, *insert the original bill—recite the substance of answer—insert the recital* (of facts) *and decree.* These directions come in parenthesis, after giving the formal parts of the bill. In 2 Barb. Ch. Pr. 561, is also a form given for such bill. Omitting the formal parts which he gives, he directs, parenthetically, *insert substance of original bill—set out prayer verbatim—insert substance of answer—set forth decree.* In *Turner v. Berry*, 3 Gilman, 541—a case of bill of review, the court said : "There is another fatal defect in this bill, and that is, that it does not recite or give the substance of the record of the former suit. . . From the the very nature of the proceeding, it is manifestly necessary to state all of the proceedings in the original cause, except the evidence on which the court found the facts on which it proceeded to render a decree."

Applying these principles, we do not think the bill in the

present case is sufficient. It fails to set out, in *hæc verba*, or in substance, the clause in Thornton B. Goldsby's will, under which it is alleged the Chancellor erred in decreeing dower to the appellee. True, it avers, first, that by the death without issue of Boykin Goldsby, her husband, the title of the land, out of which dower was carved, passed by executory devise, under the provisions of said will, to the heirs at law of said testator, T. B. Goldsby; and second, that the said Boykin Goldsby (husband of appellee), held said tract of land under and subject to the will of his father, the said T. B. Goldsby, and not otherwise, and under no other title or claim; that by the terms and provisions of said will the estate of said Boykin Goldsby terminated upon his death without issue, and thereupon, the title and right to said tract of land, by the terms and provisions of said will, reverted and passed to complainants, the heirs of said T. B. Goldsby, and said appellee was not entitled to dower therein. These averments are but statements of conclusions, not of fact; and, under the rules stated above, must be held insufficient. The will, or its substance, should have been brought before us as an averred fact; not as an asserted result from its uncommunicated terms. We must, from the face of the bill itself, be able to see clearly and confidently, that the court committed an error of law, within the remedial line the authorities mark out. All that is averred in this bill may be true, and we must presume it is; Boykin Goldsby's estate may have terminated outright, when he died without issue, and yet, by some other provision of Thornton B. Goldsby's will, his surviving widow may have been entitled to dower in the lands. In favor of the correct ruling of the Chancellor, we must indulge every reasonable presumption which the record does not affirmatively repel. *Hollingsworth v. McDonald*, 2 Har. & Johns. 230, was a case of bill of review, and tends to support these views.

     Affirmed.