# Durr, *et al. v.* Hanover National Bank, *et al.*

## *Bill to Foreclose Mortgage.*

(Decided Nov. 29th, 1906. 42 So. Rep. 599.)

1. *Equity; Practice; Entry of Decree.*—In a suit to foreclose a mortgage, respondent and complainants entered into an agreement stating the amount due complainant, that complainant was entitled to the security of the mortgage, that complainant intended to file a bill to foreclose, that the bill was not filed at the time of making the agreement by request of the respondent, but that if the mortgage was not paid the bill should be filed on the first day of the next term of the chancery court, and as part of the consideration the respondent

agreed to accept service of the filing of the bill as of the date of the agreement and waived notice of the issuance or service of summons. Upon the filing of the bill according to agreement and without taking a decree pro confesso for want of an answer, the cause was submitted to the chancellor for final decree. Held, no answer having been filed and no decree pro confesso taken, the cause was not properly submitted.

2. *Evidence; Documents; Authentication.*—Under Section 1792, Code 1896, the agreement in this case was not competent as evidence where the only proof of its execution was an ex parte affidavit made out of court before the bill was filed.

APPEAL from Shelby Chancery Court.

Heard before HON. R. B. KELLY.

Action by the Hanover National Bank and others against John Durr and others. From a decree in favor of complainants, respondents appeal.

It is alleged in the bill that Durr executed certain notes, to secure which he gave a mortgage, and that he made divers payments on said notes, and executed other notes in extension of said indebtedness; and the bill seeks to fasten these notes to the mortgage executed to secure the previous notes, and to foreclose the same. Prior to the filing of this bill, an agreement was signed by said Durr, setting out the amount of the notes due the various parties complainant, and admitting that said notes were entitled to the benefit of the security of a certain mortgage named therein, and that parties complainant intended to file a bill to foreclose said mortgage, and that it is agreed that the bill shall be filed at the first day of the next term of the chancery court of Shelby county, and that the bill is not filed at the present time at Durr's request, in consideration of which Durr agreed to accept service as of the date of the agreement of a bill to foreclose the mortgage and waived notice of the issue or service of summons on the bill, and further agreed that the cause should be heard and determined at the next term of the chancery court in Shelby county. The bill was filed on September 12, 1901, and the judgment foreclosing the mortgage entered September 13, 1901.

J. M. CHILTON, for appellants.—No brief came to the reporter.

[Durr, et al. v. Hanover National Bank, et al.]

CHARLES P. JONES, and W. F. THETFORD, JR., for appellee.—No brief came to the reporter.

DOWDELL, J.—The appeal in this case is prosecuted from the final decree of the chancery court rendered on September 13, 1901. At the time of the submission of the cause for final decree, no answer had been filed to the bill by either of the respondents, nor had decrees pro confesso been taken for want of answer. On this state of the case, clearly the cause was not at issue, and the submission for final decree was premature.

It is insisted by counsel for appellees that the agreement made by the respondent John W. Durr on August 9, 1901, and which constituted a part of complainants' note of submission of the cause, dispensed with the necessity of an answer to the bill or of a decree pro confesso against this respondent. The theory of the insistence is that the agreement, though not an answer in form, is tantamount to an answer, and, therefore, an answer in effect. The facts on the face of the record do not sustain this agreement. The said agreement was executed on the 9th day of August, and the bill was not filed until the 12th day of September thereafter. The agreement on its face shows that no bill was then filed, and that only one was intended to be filed. While the agreement admitted the existence of certain facts, it was not an agreement for the rendition of a decree against the respondent, such as was rendered. The agreement, fairly and reasonably construed, was one waiving summons and service on the bill to be filed, and consenting that the cause should be heard on its merits for final decree at the first term of the court. It was not treated as an answer by complainants' solicitor in the submission of the cause, nor was it treated by the chancellor as an answer in the consideration by him of the cause. In complainants' note of the testimony on submission, it was noted merely as an agreement by the respondent Durr, and, therefore, as being only part of complainants' testimony in support of their bill. The complainants evidently relied on the cause being at issue, not by any answer, but by decree por confesso, as shown in the note of submission, though, in fact, so far as the present state

[Crebs v. Fowler.]

of the record shows, no decrees pro confesso had been taken.

The agreement was not competent to be considered testimony by the chancellor on the submission, for the reason that sufficient proof of its execution had not been made. The record shows that the proof of the execution of the agreement, and the only proof, was by an ex parte affidavit of Charles P. Jones before a notary public, made out of court and even before the bill was filed.— *Norwood v. Riddle*, 1 Ala. 195; *Talladega Ins. Co v. Woodward*, 44 Ala. 289; Code 1896, § 1792. But we need not pursue this discussion, nor the discussion of other questions argued by counsel in the case, since we are of the opinion that the cause was not at issue for want of an answer to the bill or a decree pro confesso thereon, and, therefore, not ready for submission for final decree. It follows that the decree appealed from must be reversed, and the cause remanded.

Reversed and remanded.

TYSON, C. J., and ANDENSON, and McCLELLAN, JJ., concur.