145 So. 320

## HUBBARD et al. v. VREDENBURGH SAWMILL CO.

I Div. 735.

Supreme Court of Alabama.
Dec. 22, 1932.

Rehearing Denied Jan. 19, 1933.

C. L. Hybart, of Monroeville, for appellants.

Barnett, Bugg, Lee & Jones, of Monroeville, for appellee.

GARDNER, J.

The complainants, minors over fourteen years of age at the time, and residents of Monroe county, Ala., were parties defendant to the proceedings on the equity docket of the circuit court of said county for a sale of the real estate here involved for partition and division among the joint owners thereof, which culminated in a final decree of sale at which the defendant became the purchaser.

The bill seeks to have this former proceeding set aside, and held for naught so far as their interest in the property is concerned. Confessedly, upon their face the proceedings are entirely regular, but it is insisted they contain false recitals to the effect that these complainants, who were over fourteen years of age, were served with notice. A guardian ad litem to represent their interest was duly appointed, accepted the duties of the office, and answered the bill. But it is argued that such appointment was void for the reason the minors had not in fact (though the proceedings state to the contrary) been served with notice. We consider the question to have been settled adversely to complainants'

contention by the case of Preston v. Dunn, 25 Ala. 507, where the court said: "The Chancery Court is the general guardian of all infants within its jurisdiction, and by virtue of its general powers has authority to protect their rights, when defendants in that court, by the appointment of a guardian ad litem. * * * For this reason, if the infant is not brought into court by service before the appointment is made, we hold it to be an irregularity sufficient to reverse the decree on error; but we have found no case, which goes to the length of denying to the chancellor the power of making the appointment without service. The authority to do so results, as we have said, from the general powers which belong to the Chancery Court, and may be exercised whenever the fact of infancy is established and the infant is within the jurisdiction of the court. * * * The improper exercise of this authority may be reviewed on error, but the act is not void, and the decree rendered could not, therefore, be attacked collaterally, for the want of jurisdiction."

The foregoing language is directly applicable to this case as disclosed by the averments of the bill and exhibits thereto. This authority has not been questioned, but has been cited approvingly in our subsequent decisions. Tabor v. Lorance, 53 Ala. 543; Waring v. Lewis, 53 Ala. 615; Bondurant v. Sibley's Heirs, 37 Ala. 565; Hamilton v. Tolley, 209 Ala. 533, 96 So. 584. See, also, Warren v. Southall, 224 Ala. 653, 141 So. 632.

We find nothing in the cases of Roach v. Hix, 57 Ala. 576, 578; Daily's Adm'r v. Reid, 74 Ala. 415; McAdams v. Windham, 191 Ala. 287, 68 So. 51; Knight v. Garden, 196 Ala. 516, 519, 71 So. 715, which militates against the conclusion here reached.

The chancellor correctly sustained the demurrer to the bill, and his decree will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.