166 So. 805

**PEARCE v. KENNEDY.**

7 Div. 352.

Supreme Court of Alabama.

Feb. 27, 1936.

Rehearing Denied April 9, 1936.

W. P. McCrossin and Theodore J. Lamar, both of Birmingham, for appellant.

Hugh Walker and Knox, Acker, Sterne & Liles, all of Anniston, for appellee.

GARDNER, Justice.

This is a bill of review, to which, speaking generally, the rule applies that the error to be reviewed must be one in substance of prejudice to the party complaining, apparent on the face of the pleadings, proceedings, or decree, and every reasonable presumption must be indulged in favor of the correct ruling of the chancellor, which the record does not affirmatively repel. Mere irregularities which might constitute reversible error on appeal are insufficient for impeachment of a decree otherwise regular. Alexander v. Alexander, 227 Ala. 322, 150 So. 142; Hubbard v. Vredenburgh Sawmill Co., 226 Ala. 54, 145 So. 320; Jones v. Henderson, 228 Ala. 273, 153 So. 214; McCall v. McCurdy, 69 Ala. 65; Jordan v. Hardie, 131 Ala. 72, 31 So. 504; Hamilton v. Tolley, 209 Ala. 533, 96 So. 584.

And, due to our liberal system of appeal, as observed in Goldsby v. Goldsby, 67 Ala. 560, a bill of review "can rarely become necessary."

The decree here sought to be reviewed and annulled was rendered in May, 1934, in a cause wherein this complainant, as defendant, appeared by counsel and interposed demurrer in October, 1931, after which the cause remained dormant until rendition of the decree. Presumably the case was duly set for hearing, of which defendant therein had notice, and was called for trial in regular order. Thereupon the chancellor overruled the demurrer which had been filed in October, 1931, and on the same day proceeded to a final hearing on pleadings and proof.

This of course was error. A decree pro confesso should first have been entered, no answer being offered and no time allowed therefor by the chancellor (Chancery Rules 30 and 49); and the cause could have then, without question, proceeded to final hearing the following day (section 6602, Code 1923). The cause was not properly at issue, and on appeal reversible error would be made clearly to appear. Smith v. Smith, 212 Ala. 132, 101 So. 903; Loring v. Grummon, 176 Ala. 236, 57 So. 818; McDonald v. McMahon's Adm'r, 66 Ala. 115.

The result is that the submission and decree were premature. Durr v. Hanover National Bank, 148 Ala. 363, 42 So. 599. But the court had jurisdiction of the subject-matter and of the parties, and we are not persuaded such prematurity rendered the decree void (Ex parte Allen, 166 Ala. 111, 52 So. 44), but consider it an irregularity only to be considered on appeal, but beyond the scope of a bill of review.

However irregular it may appear, there may be a waiver of answer and default. 21 Corpus Juris, 647 and 790. Illustrative is the case of Durr v. Hanover National Bank, supra, as to answer, and Davenport v. Bartlett, 9 Ala. 179, as to decree pro confesso, which is therein referred to as "quite a matter of form." Other authorities are found cited in the notes to 21 Corpus Juris, 790, 791, among them Rushing v. Thompson's Ex'rs, 20 Fla. 583, here much in point, and where the failure to take a formal decree pro confesso is referred to as an irregularity only, and as not rendering the final decree void. It was there observed: "It is well settled rule that jurisdiction being obtained over the person and the subject matter, no error in its exercise can make the judgment void. The authority to decide being shown, it cannot be divested by being improperly or incorrectly employed. Freeman on Judgments, § 135 and notes."

As previously noted, the only objection as to the final decree here assailed is as to its premature rendition. A somewhat similar question was presented in Vary v. Thompson, 168 Ala. 367, 52 So. 951, where the premature entry of a decree pro confesso on an amended bill was held an irregularity only, and as furnishing no basis for a bill of review.

Nor do we consider the fact that defendant in that case was in default as to the original bill serves as a proper mark of distinction.

A material amendment without notice destroyed the prior default (21 Corpus Juris, 795; Davenport v. Bartlett, 9 Ala. 179, 195), and it would seem the holding is to be viewed without regard to former decree pro confesso on the original bill.

To like effect is Jordan v. Hardie, 131 Ala. 72, 31 So. 504, where there was a lack of requisite notice and lapse of time in holding a reference and making report thereon.

With reference to our observation that an answer or a formal entry of decree pro confesso may be waived, it may be added, lest we be misunderstood, that all of this was by way of illustration only that these matters belonged to form and procedure and not of substance, and therefore to be classed as irregularities, subject to review on appeal, but not of such a character as to render their omission fatal to the decree then attacked by bill of review as here.

There was no intention to indicate any such waiver here shown, for we interpret the bill here as negativing such waiver; that is, as showing defendant was not present by himself or counsel at the final submission. There is reference in the bill to the death in November, 1933, of the attorney of complainant, who was representing him as defendant in the former suit. Presumably he knew of his death, and he must be presumed to have known of the pendency of the cause against him, and the necessity for representation, though nothing was done until April, 1935, when the bill of review was filed, nearly a year after the rendition of the final decree. But all of these matters we view as immaterial.

The equity of the bill rested solely upon the invalidity of the decree based upon the premature submission of the cause. We have expressed our view that this was a matter of procedure, an irregularity fatal on appeal, but of no avail as a bill of review, as in our opinion the decree cannot be declared a nullity on this ground.

It results that the decree sustaining the demurrer is correct, and will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.