187 So. 451

**ROCHELLE v. ROCHELLE.**

6 Div. 396.

Supreme Court of Alabama.

Jan. 26, 1939.

Rehearing Denied March 30, 1939.

Harsh, Harsh & Hare, of Birmingham, for appellee.

Horace C. Wilkinson, of Birmingham, for appellant.

BROWN, Justice.

This appeal is prosecuted from the final decree of the Circuit Court, sitting in equity, sustaining the defendant's demurrers and dismissing the complainant's bill of review, seeking to review and reverse the decrees of said court entered in a divorce proceeding in which the complainant, appellant here, was the defendant, and the defendant was the complainant, and for a retrial in said divorce proceedings for alleged errors of law apparent.

The bill for divorce numbered 7253 on the trial docket, was filed on the 13th day of October, 1920, and eventuated in a final decree of divorce a vinculo matrimonii, dissolving the marriage bonds and awarding permanent alimony of One Hundred Dollars per month to wife and giving her the custody of the children. The decree granting the divorce was entered January 11, 1921, with order of reference to the

Register to ascertain the faculties of the husband and a reasonable allowance. The Register reported that the parties had fixed the amount of the allowance as permanent alimony by agreement, accompanying his report with a consent decree which was approved and entered by the court on February 3, 1931.

The bill of review does not purport to set out all subsequent proceedings, nor does it seek a review of said decrees granting the divorce and fixing the alimony.

The proceedings and decrees sought to be reviewed relate to efforts of the parties to change or modify the decree fixing the allowance, and proceedings to enforce past due installments.

■■ Strictly speaking, the object and scope of a bill of review "for error of law apparent," is not to reopen the proceedings and decrees sought to be reviewed so as to allow the reformation of the issues involved and settled by the decree or the introduction and trial of new issues, by supplementing or amending the pleadings. The scope of the inquiry is limited to the issues formed and, where there is no question of newly discovered evidence, to the facts as gathered from the record proper—not including the testimony—and if on such examination it is made to appear that the court in the proceedings under review has misapplied the law to the facts, and the decree should have been rendered to a contrary effect, this constitutes "error of law apparent" and will sustain a bill of review. McDougald's Adm'r v. Dougherty, 39 Ala. 409; McCall v. McCurdy, 69 Ala. 65; Smyth et al. v. Fitzsimmons et al., 97 Ala. 451, 12 So. 48; Morris et al. v. Marshall, 185 Ala. 179, 64 So. 312; Taylor et al. v. Crook, Adm'r et al., 136 Ala. 354, 34 So. 905, 96 Am.St.Rep. 26; Barrow v. Lindsey, 230 Ala. 45, 159 So. 232; Pearce v. Kennedy, 232 Ala. 107, 166 So. 805; Jones v. Henderson, 228 Ala. 273, 153 So. 214; Alexander v. Alexander et al., 227 Ala. 322, 150 So. 142; Casey et al. v. Sacks et al., 223 Ala. 147, 134 So. 851; Goldsby et al. v. Goldsby, 67 Ala. 560.

■ Such bill must state all of the proceeding in the case, but the evidence adduced need not be stated. Goldsby et al. v. Goldsby, supra.

■■ Procedural errors constituting mere irregularities, intervening after the court's jurisdiction over the person and the subject matter has attached and constituting a basis for reversal on appeal, are not "errors of law apparent" that will sustain a bill of review. As to such errors the parties must resort to their right of review by appeal or other appropriate remedy, if no appeal is provided. Vary v. Thompson, 168 Ala. 367, 52 So. 951; Hubbard et al. v. Vredenburgh Sawmill Co., 226 Ala. 54, 145 So. 320; Pearce v. Kennedy, supra; Barrow v. Lindsey, supra; Noble & Brother et al. v. Hallonquist et al., 53 Ala. 229; Caller, by his Prochein Amie, DeWolf v. Shields, Malone, Lyon et al., 2 Stew. & P. 417.

The bill of review alleges that on December 12, 1923, the appellant here filed a petition in said divorce proceeding to modify the final decree, allowing him to substitute a bond with surety, in lieu of a declared lien on his real property as a security, for the payment of the installments of alimony; that the complainant in the divorce proceedings, Mrs. Rochelle, in her answer to said petition alleged that the allowance was not sufficient; and in the decree, entered December 12, 1923, a reference to the Register was ordered directing him, to quote from the decree, "to ascertain and report to this court whether or not the former alimony of One Hundred ($100) Dollars per month as decreed by this court is sufficient to maintain the said complainant and her said children in a manner suitable to their degree [station] and condition in life, and if not so, what amount would be suitable and proper for such purpose; or in lieu thereof what amount would be proper to be paid as a lump sum in total and final satisfaction of all alimony to be paid in the said cause."

The bill further alleges that on the 15th day of July, 1936—thirteen years later—without pressing for a hearing on said reference, the complainant in said cause made known to the court by sworn information for contempt, that the defendant in said divorce proceeding was "in arrears in said alimony payments, in accordance with the terms of said decrees, in an amount in excess of, to-wit, Forty-five hundred ($4500.00) Dollars, with interest, totaling approximately, to-wit, Fifty-two Hundred ($5200.00) Dollars."

In answer to a rule to show cause issued in pursuance of this information for contempt, the defendant pleaded full performance up until the minor children reached their majority, and payment of a

reduced sum thereafter which was accepted; his distressed financial condition on account of the 1930 depression; the fact that the children were no longer dependent, and the ability of the complainant, the former wife, to earn a livelihood.

On the hearing the rule was discharged, by decretal order entered July 24, 1936. Pending an abortive appeal from this and other decretal orders, relating to the collection of the alimony due [Rochelle v. Rochelle, 233 Ala. 317, 171 So. 897], the court on application of the complainant, August 3, 1936, modified the decree discharging the rule nisi, so as to make it without prejudice to the right of complainant to press the collection of past due installments.

The bill of review asserts that these rulings constitute error of law apparent, because the reference to the Register ordered by the decree of December 12, 1923, remained "unexecuted."

The argument is that, with this reference still pending, on its face wholly for the benefit of the complainant, the court was without power to proceed with the enforcement of the final decree, and that said abortive appeal removed the entire case to the Supreme Court, and paralyzed the jurisdiction and power of the Circuit Court to proceed.

■ Conceding, for the sake of argument, only that errors intervened here, they are purely procedural, correctable by supervisory writs, as the authorities cited by appellant demonstrate. Moore, pro ami, v. Randolph et al., 52 Ala. 530; 53 C.J. pp. 706, 707, §§ 71, 72, 73.

They are not errors of law apparent—errors of substance, of prejudice to the complainant in this bill of review—the appellant.

■ The bill of review alleges, in substance, that the Circuit Court [after the reversal of the decree of June 9, 1937, treated as a final decree in response to a supplemental bill, Worthington v. Worthington, 224 Ala. 237, 139 So. 334; Rochelle v. Rochelle, 235 Ala. 526, 179 So. 825], without first confirming the report of the Register ascertaining the amount of the arrears in payment, rendered a final decree condemning the debt due from the bank to the respondent, as disclosed by the bank's written answer on file, without previous notice that it would so proceed.

This, likewise, was a procedural error, reviewable on appeal. Code 1923, §§ 6623, 8065; Hurt v. Knox, 220 Ala. 448, 126 So. 110.

It appears on the face of the decree of June 9, 1937, incorporated in the bill, that the garnishment had theretofore been issued, and the defendant had made "motion to strike writ of garnishment." See, also, Rochelle v. Rochelle, 233 Ala. 317, 171 So. 897.

Our judgment, after full consideration of the bill's averments and the authorities, is that the matters complained of are not "errors of law apparent" which will support a bill of review, and therefore the decree sustaining the demurrer and dismissing the bill is free from error.

Affirmed.

GARDNER, THOMAS, and KNIGHT, JJ., concur.