22 So.2d 912

Ex parte O'BARR.

7 Div. 841.

Supreme Court of Alabama.

July 26, 1945.

Roberts, Cunningham & Hawkins, of Gadsden, for petitioner.

W. M. Rayburn, for respondent.

STAKELY, Justice.

This is an original petition to this court for mandamus to compel Hon. W. M. Rayburn, Judge of the 16th Judicial Circuit, to vacate a decree closing up and padlocking a place in Etowah County known as Bonny Castle, and restraining Ann O'Barr from operating the place as a public nuisance. The theory of the petition is that the decree was rendered before the cause was at issue. Upon issuance of the rule nisi, Judge Rayburn filed answer. The cause is here submitted on petition and answer.

The petition shows in substance the following: Petitioner is the owner and operator of a certain inn known as Bonny Castle, located in Etowah County, Alabama. On the 20th day of April, 1945, the State of Alabama filed a bill of complaint against petitioner and the said Bonny Castle, seeking to close up and padlock Bonny Castle as being a public nuisance. On the same day there was issued a temporary writ of injunction padlocking Bonny Castle. On the same day, the 20th day of April, 1945, petitioner was served with notice to appear before the Circuit Court of Etowah County on May 23, 1945, to show cause why the temporary writ should not be made permanent.

On May 9, 1945, petitioner filed a motion to discharge or dissolve the temporary writ of injunction or the portion thereof padlocking Bonny Castle for the reasons in substance that the writ was issued without a hearing and that the temporary restraining order was a violation of due process of law and was issued prematurely. In filing the motion, the appearance was not limited to the purpose of raising the questions presented by the motion. On the same day, the 9th day of May, 1945, the respondent, Judge W. M. Rayburn, rendered an order or decree modifying the temporary restraining order by striking therefrom that portion thereof directing the sheriff of Etowah County, Alabama, to padlock the premises. In addition thereto, the modifying order instruct-

ed the Sheriff to deliver to Ann O'Barr the keys to the premises.

On the 9th day of May, 1945, notice was served on petitioner that the State would take its testimony on the original bill of complaint on the 14th day of May, 1945. On the 14th day of May, 1945, on evidence offered by the State, Judge Rayburn rendered a permanent decree padlocking Bonny Castle. On the 19th day of May, 1945, petitioner filed a motion to vacate the final decree for the reason that the cause was not at issue when the decree was rendered and that the petitioner had been denied the thirty-day statutory period in which to plead, answer or demur and that she had been denied due process of law.

It is further alleged in the petition for mandamus that at the time petitioner filed her motion to set aside the final decree, she filed demurrers to the original bill of complaint, but that at no time prior thereto had she filed any answer or demurrer or pleading to the original bill of complaint of the State; that a period of only twenty-four days had elapsed from the time the State filed its original bill of complaint to the date the respondent rendered the final decree on evidence presented alone by the State.

The record attached to the petition shows that on the 22nd day of May, 1945, the court overruled the motion to vacate the final decree rendered on the 14th day of May, 1945. Exception was reserved to this ruling of the court.

The answer of Judge Rayburn shows that on the 9th day of May, 1945, the law firm of Roberts, Cunningham & Hawkins, by E. L. Roberts, of counsel, filed the motion in the cause on behalf of Ann O'Barr, praying for a modification of the decree of April 20, 1945. According to the allegations of the answer, this motion constitutes a general appearance. The answer further shows that respondent, Judge Rayburn, considered the motion well taken and granted the same. We quote now from the answer of Judge Rayburn: "At the time of the granting of said motion your respondent heard the deputy solicitor for Etowah County, Alabama, ask Hon. George Hawkins of counsel for Ann O'Barr, and the sole member of said law firm representing said client at the time, if it was agreeable with him for the testimony to be taken on the original Bill of Complaint on the 14th day of May, 1945, at 10 o'clock A. M. Mr. Hawkins replied that this was agreeable with him and requested that his client, Ann O'Barr, be personally served by the Sheriff with notice of said hearing on the 14th day of May, 1945." In keeping with his request, and in conformity therewith, the record attached as an exhibit to the answer shows service of such notice on the 9th day of May, 1945.

"On the 14th day of May, 1945, at 10:00 A.M., chief Deputy Sheriff M. T. Mashburn and Deputy Sheriff J. S. Bankson and E. J. Pilcher, Deputy Solicitor, appeared before the court. After waiting several minutes for one or more of the attorneys of record for Ann O'Barr to appear at said hearing, your respondent called Mr. George Hawkins over the telephone and informed him that the State had announced ready in the O'Barr case. Mr. Hawkins requested respondent in this mandamus proceeding to please pass said hearing until the noon hour, as Mr. Roberts, the senior member of the firm of Roberts, Cunningham & Hawkins, was expected to arrive from Washington, D. C., at 12:00 noon and he (Mr. Hawkins) would inquire of him the extent of the firm's employment in the O'Barr case. Mr. Hawkins then stated to the court (your respondent) that he did not know whether or not his firm was employed to proceed beyond the modification of the decree of May 9, 1945. His request was granted and the court informed the solicitor and the State witnesses and the reporter to appear at 2:00 that afternoon. Ann O'Barr did not appear at any time on the day set for said hearing. At 2:00 that afternoon Mr. Hawkins notified the court that he was still unable to ascertain the extent of his firm's employment in the O'Barr matter or to locate Mr. Roberts or something to this effect. Then this court authorized the State to proceed with its case."

The answer further shows that testimony was thereupon introduced by the State and upon submission of the cause the court rendered a decree permanently padlocking Bonny Castle as a public nuisance.

■ We need not consider whether the motion filed by petitioner on May 9, 1945, was a general or special appearance. See 6 C.J.S. Appearances, § 12, page 28. There is no doubt that petitioner was brought within the jurisdiction of the court by the service on her of the notice on April 20, 1945. Accordingly, it did not take a general appearance to give the court jurisdiction of her person.

The real question here is whether the cause had reached a stage which admitted of the rendition of the decree of May 14, 1945. It had not reached such stage because the cause was not then at issue. After service of the notice on April 20, 1945, petitioner had thirty days in which to demur, plead or answer. Equity Rule 17, Code 1940, Tit. 7 Appendix. And the statute permitting injunctions and temporary relief pending the final hearing thereof does not have the effect to shorten such thirty-day period. Lynne v. Ralph, 201 Ala. 535, 78 So. 889.

Equity Rule 40 in pertinent part provides as follows: "Except as provided in Rule 39, or otherwise authorized by these Rules, testimony cannot be taken by either party until the cause is at issue by sufficient answer, or decree pro confesso, as to all the defendants."

There was no decree pro confesso. No answer had been filed when the evidence was taken and the decree was entered on May 14, 1945. Accordingly, the cause was not at issue and the decree of May 14, 1945, was prematurely rendered. Durr et al. v. Hanover National Bank, et al., 148 Ala. 363, 42 So. 599; Pearce v. Kennedy, 232 Ala. 107, 166 So. 805. See also Garrett v. State ex rel. Matthews, 235 Ala. 457, 179 So. 636. Conceding for the sake of argument only that the attorney was authorized to agree to a hearing on May 14, 1945, he could not waive the requirements of Equity Rule 40 so as to make the proceedings regular. Pearce v. Kennedy, supra.

The rendition of the decree prematurely, however, did not render the decree void, but irregular only, subject to review on appeal. Pearce v. Kennedy, supra; Durr v. Hanover National Bank, supra. Since the decree was irregular only and full and adequate relief can be had on appeal, mandamus does not lie. Ex parte Cross, Ala.Sup., 22 So.2d 378, 383;[1] Ex parte Watters et al., 180 Ala. 523, 61 So. 904; State ex rel. Pinney v. Williams, 69 Ala. 311; Ex parte South & North Ala. R. Co., 65 Ala. 599.

Writ denied.

GARDNER, C. J., and THOMAS and FOSTER, JJ., concur.

---

[1] Ante, p. 85.