34 So.2d 214

## HENDRIX v. HENDRIX.

### 8 Div. 407.

Supreme Court of Alabama.
March 4, 1948.

Julian Harris annd Norman W. Harris, both of Decatur, for appellant.

310

Russell W. Lynne, of Decatur, for appellee.

SIMPSON, Justice.

The appeal is from a divorce decree grounded on adultery.

The decisive question is whether or not depositions of the plaintiff's witnesses taken before the institution of the suit can be used to sustain the decree. With such depositions in, the decree was well sustained, but otherwise the case was not proven.

The defendant appeared in person and by answer denied the material allegations of the bill as soon as it was filed. She also signed a waiver of the appointment of a commisisoner to take the testimony in the cause, and notice of the time and place of such taking, and in the waiver agreed to the submission of the cause for final decree without further notice to her. On a careful consideration of the matter by the whole court in consultation, we have concluded that the depositions could not be used as evidence and that the decree, therefore, was not well founded.

By an unwavering line of some earlier decisions of this court such depositions were condemned as illegal evidence. A deposition not taken in conformity with the rules of law (and we may add without the agreement of parties) was so classified. (Bryant v. Ingraham, 16 Ala. 116, 120) and it was noted that no distinction had been made "between illegal evidence on account of the incompetency of the witness, and illegal evidence on account of the medium through which it reaches the court." Jordan v. Jordan, 17 Ala. 466, 471, dissent of Dargan, C. J.

On the specific question now under consideration, it was ruled that the evidence is illegal where it is presented by a deposition taken before the defendant had been brought into court by service of process or in some other legal way "and such an irregularity will not be cured by the subsequent voluntary appearance of the defendant." Oxford Iron Co. v. Quinchett, 44 Ala. 487, 490.

This seems to be the general rule, and as observed in 18 Corpus Juris 632, § 68: "Generally depositions other than in perpetuam can be taken only in a pending action, or after the court has obtained jurisdiction of the defendant or the subject.

matter in some recognized legal mode." See 26 C.J.S., Depositions, § 33. See also 16 Am.Jur., Depositions, p. 706, § 19; Couch v. State, 63 Ala. 163.

Equity Rule 40, Code 1940, Tit. 7 Appendix, and the decisions construing it are conclusive against the use of such evidence. As pertinent, the rule provides: "Except as provided in Rule 39, or otherwise authorized by these Rules, testimony cannot be taken by either party until the cause is at issue by sufficient answer, or decree pro confesso, as to all the defendants."

■ The clear imperative of this equity practice rule leaves it without doubt that the aforementioned evidence was not subject to the consideration of the court and that to rest a decree on it subjected the cause to a reversal on appeal. Ex parte O'Barr, 247 Ala. 135, 22 So.2d 912; Durr v. Hanover Nat. Bank, 148 Ala. 363, 42 So. 599; Pearce v. Kennedy, 232 Ala. 107, 166 So. 805.

■ To sustain the use of such depositions learned counsel advances the argument that the waiver of the defendant filed in the cause with her answer would permit it. Without going into the question of waiver and the extent it might affect this equity rule (Cf. Ex parte O'Barr, supra, 247 Ala. page 138, 22 So.2d 912; Durr v. Hanover Nat. Bank, supra), it is clear that the answer and waiver in the instant case contemplated the taking of testimony in the cause after its institution and is properly to be construed as speaking in the future and as having no application to any matter that preceded the filing of the bill. So construed, any testimony taken prior to the filing of the bill was not properly to be considered.

[6] Since the court was limited to resting decision on the remaining evidence taken after the filing of the suit, it is quite manifest that the case was not sufficiently proven. There was only the testimony of a witness that the defendant was seen in company with other men at some time or other. No time is specified nor is it indicated that such conduct, whether reprehensible or not, occurred before or after the marriage of the parties. There was testimony of the plaintiff that his wife had admitted to him her infidelity, but such testimony is concededly insufficient, of itself, to warrant the decree and would only be admissible in corroboration of other evidence and circumstances tending to establish the offense. Powell v. Powell, 80 Ala. 595, 1 So. 549; Lunsford v. Lunsford, 232 Ala. 368(3), 168 So. 188; King v. King, 28 Ala. 315.

■ Moreover, the alleged confession of the wife testified to by her husband seems to imply that there might have been a condonation of his spouse's past alleged misconduct, where he testified that when she admitted her infidelity she "made a solemn promise that her relations with other men had ceased," thereby implying that the couple might have thereafter continued cohabitation, in which event the prior marital offense would have been tolled as a ground on which to rest a future divorce decree. Harbin v. Harbin, 249 Ala. 616, 32 So.2d 537; Code 1940, Tit. 34, § 26.

■■ The burden, of course is on the plaintiff to prove the ground of divorce by legal evidence (Burdette v. Burdette, 245 Ala. 26, 15 So.2d 727; Pittman v. Pittman, 246 Ala. 163, 19 So.2d 723) and as to the specific ground alleged the proof must be such as to create more than a suspicion, but be sufficient to lead the guarded discretion of a reasonable and just mind to the conclusion of adultery as a necessary inference. Gardner v. Gardner, 248 Ala. 508, 28 So.2d 559; Stephens v. Stephens, 233 Ala. 178, 170 So. 767; Markham v. Markham, 248 Ala. 32, 26 So.2d 562; Richardson v. Richardson, 4 Port. 467, 30 Am.Dec. 538.

■ In the state of the record, the decree cannot be sustained and the cause must be reversed.

Reversed and remanded.

All the Justices concur.