317 So.2d 489

**Bonnie Joan H. HUBBARD**

v.

**Earnie HUBBARD, Jr.**

**Civ. 483.**

Court of Civil Appeals of Alabama.

May 7, 1975.

Rehearing Denied June 11, 1975.

Rosen, Wright, Harwood & Albright, Tuscaloosa, for appellant.

Zeanah, Donald, Lee & Williams, Tuscaloosa, for appellee.

WRIGHT, Presiding Judge.

This is an appeal from a decree of divorce and child custody.

Plaintiff-wife filed suit seeking divorce on grounds of incompatibility, custody of minor girl child age four years, division of property and support. Defendant filed counter-suit for divorce on ground of adultery, custody of child and award of property. After hearing ore tenus the trial court awarded a divorce to the husband on the ground of adultery, granted custody of the child to the husband, with visitation rights to the wife, directed sale of the home and division of the proceeds after payment of mortgage and costs. From the decree, plaintiff and cross-defendant appeals. We reverse.

A summary of the evidence is as follows: Parties were married in July, 1964, and lived together until February, 1974. Plaintiff was age 17 at the time of the marriage. One child, a girl, was born of the marriage. She is four years of age. Both parties were employed during the marriage, except the plaintiff stopped working prior to the birth of the child and for some two years thereafter. The parties contributed jointly to the purchase of a home and to family expenses. The husband worked long hours and much overtime on the night shift. The marriage was

beset by disagreements. Defendant was the dominant party, determining who their friends and associates would be. He often accused plaintiff of affairs with other men, including old beaus of high school days and was of a jealous and suspicious nature. In spite of such accusations and disagreements the parties continued together.

In May of 1973, defendant suffered some industrial accident, the nature of which is not shown. The evidence tends to indicate that subsequent to the accident, defendant became withdrawn and tense. Disagreements came more often and tension built in the home. After one such argument, divorce was discussed. The family minister was called to the house for consultation. Defendant states that plaintiff stated to the minister that she had committed adultery. Plaintiff denies such statement. The minister did not recall such statement and stated that he did not get the impression from the consultation that plaintiff had been unfaithful though defendant may have accused her of such conduct.

After the minister's visit, the parties subsequently went together to consult counsel about divorce, custody and division of property. Separation occurred on January 29, 1974, and plaintiff, with the child, moved to the home of her mother.

Some two years prior to the separation, a Robbins family moved a few doors from the Hubbards. They became friendly, visiting in one another's homes and going out together socially. The Robbins separated at about the same time as the Hubbards. After the separation, plaintiff and Mr. Robbins met at the bank. During a conversation, it was discussed that each was looking for an apartment but that plaintiff could not afford one at the time. Robbins later called plaintiff, telling her that he had found an apartment. He told her he was expecting to apply for a transfer from his job to one in another city. He suggested that plaintiff could take his apart-ment after he was transferred. He asked her if she would have the utilities placed in her name so that his wife would not be able to locate his new apartment. In exchange plaintiff could move into the apartment after he left without having to put up deposits. He would give her the money for the deposits.

After some thought, plaintiff agreed to such arrangement. The bills subsequently were sent to her at the address of her mother. She forwarded them to Robbins who paid them. On two other subsequent occasions, Robbins requested the loan of a skillet, two pieces of Corning Ware and a percolator from plaintiff. Plaintiff, accompanied by her mother carried the skillet and Corning Ware to Robbins' apartment. Plaintiff later carried the percolator to Robbins late one afternoon, staying only about 5 minutes. It was shown that Robbins and plaintiff met in a store on one other occasion when plaintiff's mother was present, and at a fishing lake when the child was present.

In early March, 1974, plaintiff returned to the home seeking a reconciliation. While she was in a highly emotional state, defendant stated that she confessed numerous occasions of infidelity with Robbins. These occasions were stated to have occurred in motels, the back seat of automobiles, in the woods and other places. Defendant stated plaintiff confessed to other infidelities with men over a period of seven years. Plaintiff denied such confessions or that any infidelity had ever occurred. Defendant further stated that plaintiff attempted to find a gun to shoot herself with and attempted to take a handful of pills. Plaintiff also denied this took place.

The reconciliation lasted one night and plaintiff returned to her mother's. This suit was filed shortly thereafter.

The only other testimony concerning adultery was given by Mrs. Robbins. She was permitted to state that Robbins had

confessed to her infidelities with plaintiff. Robbins denied such confessions and infidelities.

All witnesses, including defendant, stated that plaintiff was an excellent mother and cared for her child. She had always had the primary job of disciplining the child. The child loved her very much. Plaintiff's fellow employees and former employer stated she had always been morally proper and circumspect when at work. The men with whom she had been accused of being sexually intimate appeared and denied such conduct.

■ With this summary of the evidence, we must state that we consider there is insufficient legal evidence to support the finding of the trial court that plaintiff has committed adultery or that she is unfit to have custody of her four-year-old daughter.

■ This court has always followed the principle that it is our duty to affirm the decree of the trial court who heard and saw the witnesses as they testified, when such decree is fairly supported by credible evidence. *Dunlavy v. Dunlavy*, 283 Ala. 303, 216 So.2d 281. In this case we do not find the decree to be fairly supported by credible evidence.

■ The proof to support the charge of adultery must be such as to create more than a suspicion. It must be sufficiently strong to lead the guarded discretion of a reasonable and just mind to the conclusion of adultery as a necessary inference. *Hendrix v. Hendrix*, 250 Ala. 309, 34 So.2d 214. *White v. White*, 278 Ala. 682, 180 So.2d 277.

■ The testimony of defendant that plaintiff confessed to him numerous occasions of infidelity is vehemently denied by plaintiff. She not only denies making such confession but denies the truth of the matters contained therein. Testimony of confessions of adultery is insufficient to warrant a decree of divorce on such ground.

Such confession is only admissible in corroboration of other evidence tending to establish the offense. *Hendrix v. Hendrix, Supra.*

What evidence is there tending to establish the offense of adultery other than the confession? Plaintiff agreed to arrange for utilities to be placed in her name for an apartment rented by Robbins. She loaned Robbins two dishes, a skillet and a percolator. She visited the apartment twice, once with her mother and once alone when she remained only five minutes. She ran into Robbins in public places either with her mother or her child. She separated from her husband at the approximate time that Robbins separated from his wife. She attempted reconciliation at approximately the time Robbins returned to his home for a few days. Defendant thought plaintiff had a key to Robbins' apartment but did not know for sure. Mrs. Robbins saw a baby's high chair in the apartment which she identified as belonging to plaintiff.

In rebuttal to such evidence, plaintiff gave a reasonable explanation for placing the utilities in her name. Her mother stated that plaintiff was at her home every night after work and had not been out at night. Plaintiff's high chair had been at the mother's home at all times. Robbins stated the high chair had been left at the apartment by a former tenant when he moved in. During the time when plaintiff and Robbins were charged with being regularly intimate, friends of defendant had been watching and following plaintiff and Mrs. Robbins was watching the apartment of Robbins and Robbins was working long hours seven days a week. The only stated time they were observed together was the occasion at a store when plaintiff's mother was present and when plaintiff had apparently dropped off the percolator at Robbins' apartment.

The testimony of Mrs. Robbins that Robbins had confessed to sexual intimacies with plaintiff was strictly hearsay which

was denied by Robbins. Mrs. Robbins stated such confessions were made to her while she was separated from Robbins though she was having sexual relations with him twice weekly and a divorce suit was pending. Robbins denied both the confession and the sexual relations with Mrs. Robbins. Defendant and Mrs. Robbins were in contact with one another and having conversations about their respective spouses and marital problems during such times.

As we consider the evidence, there is presented nothing more than suspicion and mere speculation in support of acts of adultery. Such evidence is insufficient to support the very serious charge of adultery and stamp plaintiff publicly and permanently of record with the title of adultress.

We further find the evidence insufficient to remove a girl child of the tender age of four years from the custody of a mother who, by all the evidence, has loved, cherished, worked and provided for her child, and taken it regularly to church during its entire life.

The courts follow a compelling presumption that a female child of tender years will be best cared for by its mother unless she is shown to be unfit. *Brown v. Jenks,* 247 Ala. 596, 25 So.2d 439; *McGregor v. McGregor,* 257 Ala. 232, 58 So. 2d 457. Even a finding of commission of adultery is not a bar to the award of custody but only a consideration bearing on the question of fitness. *Harrison v. Harrison,* 279 Ala. 675, 189 So.2d 471; *Gould v. Gould,* 55 Ala.App. 379, 316 So.2d 210, 1975.

We cannot agree with the correctness of the finding of the trial court from the evidence in this case "that the physical, moral and emotional well-being of the minor child . . . can be best served by placing the custody thereof in the respondent." We find the evidence to be to the contrary and the decree of the court not supported by the evidence and palpably wrong.

It is our decision that the decree of the court below granting defendant a divorce on the ground of adultery and granting custody of the child, Connie Elissa, to defendant is not supported by sufficient evidence and the same is set aside and reversed.

Reversed and remanded.

BRADLEY and HOLMES, JJ., concur.